JAMES MOONEY, PLAINTIFF IN ERROR, v. DARIUS M. PECK ET AL., DEFENDANTS IN ERROR.

1. In an action upon a mechanics' lien claim, it was not error to permit the lien claim filed in the case, and containing a statement of the particulars of the plaintiff's demand, to go to the jury, when, upon the trial, it was shown to the witness who ordered the goods, and who

testified that it was a correct statement of the goods furnished pursuant to his order.

2. A mere objection to evidence, specifying no ground of objections, will not sustain an exception.

---

Error to the Supreme Court. Judgment on mechanics' lien claim.

For the plaintiff in error, *D. J. Pancoast.*

For the defendants in error, *Bergen & Bergen.*

The opinion of the court was delivered by

THE CHANCELLOR. Two only of the errors assigned are relied upon for reversal. One is that the court, upon the trial, permitted the lien claim filed in the cause to go to the jury; and the other is that a telegram offered by the plaintiff, and objected to by the defendant, was illegally admitted in evidence. As to the first objection, the lien claim contained a statement of the particulars of the plaintiff's demand. Upon the trial it was shown to the witness who ordered the goods, and he testified that it was a correct statement of the goods furnished pursuant to his order, and to recover the price whereof the suit was brought.

There is no substance in the objection.

As to the telegram, it does not appear what the ground of objection to its admission was. That the paper offered was not the original message, may perhaps be inferred from the fact that it was called upon the trial a telegram, but, on the other hand, the witness by whom it was proved swore positively and unqualifiedly not only that he received it from the defendant, but that it was signed by the defendant. The defendant's counsel specified no ground of objection to the evidence in question, but merely objected to it. It is established that such an objection will not sustain an exception. It may be added that the evidence of the telegram was superfluous. It was introduced with a view to establishing thereby that the witness by whom it was proved had authority from

the defendant to order the goods for and on account of the latter, but he had testified to that already. The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, KNAPP, SCUDDER, VAN SYCKEL, BROWN, COLE, McGREGOR. 8.

*For reversal*—DIXON, CLEMENT. 2.