54 521
70 44

SAMUEL D. OLIPHANT ET AL. v. WILLIAM C. BREARLEY.

1. In actions in the District Courts, which fall within the provisions of the act of 1877 (*Rev. Sup.*, p. 224), objections to the rulings of the court need not be taken by formal exceptions signed and sealed, such as are required in actions in those courts by the provisions of the act of 1882. *Rev. Sup.*, p. 261.

2. To obtain a review of rulings in the first class of cases, the state of the case must show that objection was made thereto and the grounds of the objection substantially presented to the court.

3. Upon proof that an injury to a horse had affected his disposition for steadiness and gentleness and that his value had been appreciably diminished thereby, a request to charge that the injury was too remote and uncertain for consideration was properly refused.

| | |
|---|---|
| Oliphant v. Brearley. | *54 N. J. L.* |

On *certiorari.*

Argued at November Term, 1891, before Justices SCUDDER and MAGIE.

For the prosecutors, *Samuel D. Oliphant, Jr.*

For the defendant, *W. Holt Apgar.*

The opinion of the court was delivered by

MAGIE, J.   This *certiorari* has brought up a judgment against prosecutors in the Mercer Common Pleas, affirming a like judgment of the District Court of Trenton, in an action of tort brought by the defendant for the recovery of $200 damages.

The prosecutors attack the judgment upon two grounds— (1) that the District Court erred in admitting evidence over their objection, and (2) that there was error in the refusal of that court to charge the jury according to prosecutors' request.

Defendant primarily objects to our consideration of these reasons for reversal on the ground that the state of the case shows no exception taken in the District Court.

The cause was one in which the demand or damages in controversy did not exceed the sum of $200, and therefore it did not come within the provisions of section 13 of the "Act relative to the jurisdiction and practice of District Courts in this state," approved March 27th, 1882 (*Rev. Sup., p.* 261), which forbids the reversal of judgments in certain cases for errors of law, unless an exception was taken at the trial and sealed by the District Court judge.   It comes within the provisions of the "Act constituting District Courts in certain cities in this state," approved March 9th, 1877.   *Rev. Sup., p.* 224.   By the provisions of that act, any party to an action in a District Court who is dissatisfied with the determination or direction of that court in point of law, or upon the admission or rejection of evidence, may appeal to the Common Pleas, which appeal is the only remedy if the action was within the juris-

diction of the District Court. The appeal is determined upon a case agreed on by the parties or settled by the judge, and presents for adjudication only errors of law shown therein. *Haines* v. *Roebuck,* 18 *Vroom* 227.

The determination of the Common Pleas may be removed into this court by *certiorari* with the case agreed on or settled,. and the same errors are to be here adjudicated on.

When exceptions are required to be taken and sealed in such case they must be governed by the general rules respecting exceptions. Nothing is better settled than that an objection to the admission of evidence which does not specify the ground of objection will not sustain an exception. *Mooney* v. *Peck,* 20 *Vroom* 232.

The reason underlying the rule respecting exceptions is equally applicable to those cases where formal exceptions are not required. It must appear to the court of review called on to review a ruling of an inferior court, not only that the ruling complained of was objected to, but that the ground of objection relied on for reversal was presented to the court below. *Cole* v. *Cliver,* 15 *Vroom* 212. The mere noting of an objection to testimony will not afford ground for contending that the testimony was not admissible. *Nestal* v. *Schmid,* 10 *Id.* 686. And this rule was applied by this court in a cause arising in a District Court to an objection made in that court on grounds different from those relied on here for contesting the ruling thereon. *Dale* v. *See,* 22 *Id.* 378.

The conclusion, upon this contention of defendant then is,. that while no exception of a formal nature was required to be made in the District Court in this case, yet that the state of the case should show that an objection substantially presenting to that court the grounds now urged against the admission of the evidence complained of, should appear in the state of the case in order to obtain a review of the ruling on the evidence.

The case shows a mere general objection to the admission of the evidence, without any specification of the grounds on which the objection was put. If, in fact, the grounds of the

objection were presented to the District Court, the case was defective, and the Common Pleas could have compelled the judge to make up its deficiencies by certificate. *Benedict* v. *Howell*, 10 *Vroom* 221. The defect not having been thus cured, I think it clear that the court cannot consider this objection to the admission of evidence.

But the contention of the prosecutors that there was error in the charge of the District Court judge is not open to a like objection.

The case shows that the judge was requested by prosecutors to charge the jury that " injury to the disposition of the horse was too remote and uncertain for consideration," and that the request was refused.

Here was an objection with specific grounds assigned, and it requires us to review the ruling.

The action was for damages occasioned by a collision between a wagon driven by prosecutors' servant and a carriage of defendant drawn by his horse and containing his two daughters. The evidence was that the horse was thrown down and greatly frightened by the collision and attempted to run away; that before the collision he was safe to drive by ladies; that in consequence of the collision he became nervous and unreliable, and could not be driven and controlled as before. There was also proof that gentleness and kindness of disposition affect the value of horses. There was expert evidence as to the effect of this change on the value of this horse.

It is impossible to say that there was any remoteness or uncertainty in respect to this injury. If the evidence was believed, it established a diminution of market value of the horse plainly attributable to the act or negligence of prosecutors' servant, for which we must assume them to be liable.

This objection cannot avail, and the judgment must be affirmed, with costs.