JONES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1899.)

1. CARRIERS—INJURY TO PASSENGER—PASSENGER'S RIGHT TO ASSUME CARE ON PART OF CARRIER.

   In accordance with defendant's custom to allow passengers to board a freight train at a station before the coach had been drawn up to the depot after the switching had been done, plaintiff attempted to enter the coach when it was standing still, but, as she did so, the engine backed into the car with such force as to throw her, and cause the injury of which she complains. *Held*, that she was entitled to assume that the

61 N.Y.S.—46

engine would approach with such care as not to cause her injury, and that she was not required to look for its approach.

**2. IMMATERIAL VARIANCE—AMENDMENT OF COMPLAINT.**
    An immaterial variance may be corrected by an amendment to the complaint, either before or after an objection.

**3. WITNESSES—IRRESPONSIVE ANSWER.**
    That a witness' answer is not responsive is an objection that lies only with the examining counsel.

**4. SAME—MOTION TO STRIKE TESTIMONY FOR INCOMPETENCY.**
    A motion to strike a witness' answer because it was incompetent was properly denied, when it would have been competent if the matter to which it related had been pleaded, and the fact that it was not pleaded was not made a ground of the objection, nor called to the attention of the court.

Appeal from trial term, Monroe county.

Action by Sarah Strong Jones against the New York Central & Hudson River Railroad Company for a personal injury. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

In February, 1894, the plaintiff attempted to board one of the defendant's trains at or near a station known as "Fairport," upon its road. The train was a local freight, with one passenger coach, and was the only passenger train westward on the West Shore road. Its time of departure varied anywhere from 9 o'clock in the morning to 12. In passing westward, it was its custom to stop first east of the station. At that place cars were taken off and put on. There was more or less shifting, and, when the train was finally made up, the evidence is that the conductor went to the station to see if there were any passengers, and, if any were there waiting, the train pulled up to the station, and stopped. This action was tried once before, resulting in a verdict for the plaintiff. This judgment was affirmed by the general term (35 N. Y. Supp. 1109), and reversed by the court of appeals (50 N. E. 856). The evidence of the plaintiff is to the effect that she went to the station to take this train; that she asked some one in the ticket office if that was the train, and received no answer to her question; that she went to the platform, and there saw the baggage master; that she asked him if that was the local, and he answered, "Yes," and asked her if she wanted to take it; that she said she did; that Johnson thereupon waved to a man in that direction, and called to him "to take on this lady"; that she thereupon said she thought she would go and get upon the car when it was standing still. The car was then east of the station from 200 to 400 feet, and there was a broad gravel path alongside of the track, past the place where she finally attempted to get on the car. She got upon the car, and, as she was about to enter, the engine backed into the car with such force as to throw her, and cause the injury for which she here claims damage.

Argued before HARDIN, P. J., and McLENNAN, SPRING, and SMITH, JJ.

Cassius C. Davy, for appellant.
Elbridge L. Adams, for respondent.

SMITH, J. In the prevailing opinion of Chief Judge Parker, written upon the reversal of the former judgment, it was held that no custom was shown to take passengers on except at the station, and that, without evidence sufficient to authorize a finding of such a custom, the defendant did not owe the duty to use care at that point to protect any one who might be boarding the train without authority. Upon this trial, however, the plaintiff has produced evidence from which a jury could find that such custom existed, with the acquies-

cence, if not the encouragement, of the defendant's employés.   The evidence was such that the question could not have been taken from the jury, and they have twice found for the plaintiff thereupon.

The plaintiff's contributory negligence was properly submitted to the jury.   This has been once held by the general term in this department; but, apart from that authority, it cannot be said, as a matter of law, under the circumstances of this case, that the plaintiff was required to look for the approaching engine when she got upon the car.   She might assume, even though the engine was approaching, that it would approach the car with such care as not to cause her injury.

Nor can the verdict, as a matter of law, be said to be excessive. There was a sharp conflict in the evidence, and the plaintiff's witnesses were by the jury believed.   Upon that evidence the verdict was justified in amount.

The amendment to the complaint was not necessary.   The variance, if such there was, was, at most, an immaterial one, and could be corrected by an amendment either before or after an objection.   The case has once been tried, and the defendant had full knowledge of the issues which the plaintiff tendered.   It could not in any way have been misled.

Various exceptions are called to our attention, only one of which needs to be discussed.   At folio 139 this question was asked:

"Q. After you went home, what did you do?  Did you work at all?  A. I was not able to work.   I had to have a nurse for my daughter, and I had to hire a woman to do my work.   (Defendant's counsel moved to strike out that she had a nurse for her daughter, and a woman to do her work, on the ground that the answer is not responsive and incompetent.   Overruled.   Exception.)"

That the answer is not responsive is an objection that lies only with the examining counsel.   The answer was incompetent only because it was not pleaded.   She was a widow, and might have recovered such damages, if she had pleaded them.   But that it was not pleaded was not made a ground of the objection, nor called to the attention of the court.   The motion to strike out the answer was therefore properly denied.

The defendant can make no complaint of the fairness with which the issues in this case were submitted to the jury.   In a very able charge, the learned judge clearly outlined the exact questions which the jury were to determine.   That there was sufficient evidence to justify a finding of the jury upon the several questions presented to them we have no doubt, and no exception has been called to our attention upon which this judgment can be reversed.   The judgment and order should therefore be affirmed, with costs.

Judgment and order affirmed, with costs.   All concur.