HIRAM J. SHOEMAKER, PLAINTIFF IN ERROR, v. HENRY W. ELMER, DEFENDANT IN ERROR.

Argued March 4, 1904—Decided June 20, 1904.

1. The question upon which the opinion of an expert is expressed should be so clear that the jury will not be left in any doubt about what the actual facts are upon which the witness is expressing an opinion.

2. It is error to admit a medical expert to answer the following question: "Doctor, from the symptoms and particulars of the plaintiff's condition and the treatment of the defendant, as testified to by the defendant, do you see any evidence of bad treatment or malpractice according to the rules as laid down in practice by the medical faculty?" Objections to such a question are that it is impossible to tell how much of the testimony a witness has heard and remembered, that the witness may understand the testimony differently from what the jurors understand it, that it does not acquaint the court or the opposing counsel with the assumed state of facts upon which the opinion of the witness is asked and hence that it affords no opportunity either for objection, amendment or rejection.

---

On error to the Supreme Court. This case was tried at the Atlantic Circuit, before Justice Hendrickson and a jury, and a verdict rendered for the defendant below.

For the plaintiff in error, *George A. Bourgeois.*

For the defendant in error, *William A. Logue* and *Thompson & Cole.*

The opinion of the court was delivered by

FORT, J. This was an action against the defendant, a physician, to recover damages for certain injuries resulting from his negligent conduct and unskillful treatment of the plaintiff.

The only assignments of error of importance in the case relate to the admission in evidence, over the objection of the plaintiff, of three questions propounded to the expert medical witnesses called by the defendant in the cause. Questions 1 and 2 will be considered together. They are:

1. "*Q.* Now, from the statement made by Dr. Elmer as to what the patient said to him as to the cause of the injury, what he said he did in discovering what the injury was and the treatment as testified to by him, was what he did to discover the cause of the injury and his treatment in conformity with or a departure from the rules of practice of the medical profession?"

2. "*Q.* From the statements as made by the defendant in your hearing as to the plaintiff's statement of the cause of the injury, and his (the defendant's) statement as to what he did to determine the injury and what he did in the treatment of it, was there any want of skill, or bad treatment or malpractice, by the defendant?"

We think each of these questions inadmissible.

They are clearly objectionable, even under the cases relied upon by the defendant to sustain them. Neither of these two questions is limited to or solely predicated upon the statements made by the defendant, Dr. Elmer, in his testimony in the cause.

Question No. 1 is broad enough to permit the expert to base his reply solely upon facts which he may have learned from the defendant off the witness-stand, or upon those he may have heard him testify to in the cause at the trial, or both.

Question No. 2 is also broad enough to permit the witness to base his reply, either in whole or in part, at his pleasure, upon facts derived from the defendant's statements, made as a witness or otherwise.

Neither of these questions need further comment. There is no rule of evidence governing the admission of expert testimony which could make these questions, thus framed, admissible.

Question No. 3 is somewhat more restricted. It is as follows:

3. "Q. Doctor, from the symptoms and the particulars of the plaintiff's condition and the treatment by the defendant, as testified to by the defendant, do you see any evidence of bad treatment or malpractice, according to the rules as laid down in practice by the medical faculty?"

To sustain the admissibility of this question, *Twombly* v. *Leech,* 65 *Mass.* 397, is cited. It was this case which was followed by the learned trial justice.

This case does appear to give support to the admissibility of question No. 3. It, however, cites no authority, in textbook or decision, to sustain the conclusion there reached. It does not commend itself to our judgment and is clearly unsupported by authority.

Question No. 3 is an hypothetical one. It was asked of an expert who was expressing an opinion on facts testified to by another person. The question was so framed that it was not possible to tell which of the facts testified to by the defendant must be taken by the witness as the basis of his opinion. The question permitted the witness to determine which part of the defendant's evidence he would adopt and which reject in reaching his conclusion. It afforded the opposing party no opportunity to object to the assumption of fact upon which the opinion of the witness was asked.

Expert evidence should be carefully guarded. It is sufficiently dangerous when carefully circumscribed; it becomes altogether too unreliable when the basis of it is indefinite.

The question upon which the opinion is expressed should be so clear that the jury will not be left in any doubt about what

the actual facts are upon which the witness is expressing an opinion. A question should not be so framed as to permit the witness to roam through the evidence for himself and gather the facts as he may consider them to be proved and then state his conclusion concerning them. Professor Rogers states the rule in this wise: "It is necessary in the examination of all such witnesses that questions should be so framed as not to call on the witness for a critical review of the testimony given by other witnesses, compelling the expert to draw inferences or conclusions of fact from the testimony, or to pass on the credibility of the witnesses, the general rule being that the expert should not be asked a question in such manner as to cover the very question to be submitted to the jury." *Rogers Exp. Test.,* § 26.

The true ground of objection to this class of expert testimony is stated by the Supreme Court of Wisconsin in holding inadmissible this question: "What, in your opinion, would all the facts sworn to by the several witnesses, if true, indicate as to the mental condition of the prisoner at the time of the commission of the offence?" They say:

"The objections to the question are that the witness may understand the evidence to be radically different from what the jurors hearing the testimony understood it, and that it asks for an opinion based on the memory of the witness as to what the evidence was and upon his conclusion as to what the evidence established." *Bennett* v. *State,* 57 *Wis.* 69.

An attempt is made on the brief, and it is supported by some authority, to differentiate where the testimony used or the basis of the question is the testimony of but a single witness and is uncontradictory. But we are unable to see why that should be so. Whether it is contradictory or involves a different interpretation by different minds is always problematical. For the expert to remember all the material facts testified to by a single witness, which are to be the basis of his opinion, may be as difficult as to call to mind all the like material facts testified to by several witnesses.

There should be no loosening of the rule as to the admissibility of this class of evidence. It is undoubtedly very

important evidence in many cases, when given strictly within the rule, and its usefulness should not be impaired by raising a doubt as to just what force such evidence should have in the cause. The jury, to estimate properly the opinion expressed, should have the means of knowing exactly on what the opinion is based. *People* v. *Millard,* 53 *Mich.* 63, 75.

We agree with the view that a medical witness who has been present during the whole trial and heard all the evidence should not be permitted to express an opinion on the evidence as heard by him, but that his testimony should nevertheless be taken on an hypothetical question, stating the facts claimed to be established and which are to form the basis of his opinion. *People* v. *Lake,* 12 *N. Y.* 358; *Haggerty* v. *B. C. & N. R. R. Co.,* 6 *Abb. N. Cas.* (*N. Y.*) 129.

Professor Rogers sums the whole matter up in this way: "The advantage of the usual hypothetical question, including the substance of the whole testimony, is so great that it should only be sacrificed when the circumstances of the case plainly call for it. The hypothesis should be clearly stated so that the jury may know with certainty upon precisely what state of facts the expert bases his opinion." *Rogers Exp. Test.* 73, § 29; *Stoddard* v. *Winchester,* 157 *Mass.* 567, 575.

Judge Gillet says: "The value of an expert's opinion is largely dependent upon the facts which he takes into consideration in forming his conclusions. As a consequence he is not allowed to pass upon disputed facts in evidence by expressing an opinion on the evidence." *Gill. Ind. Coll. Evid.,* § 210; *In Matter of Will of Snelling,* 136 *N. Y.* 515; *People* v. *McElvaine,* 121 *Id.* 250; *People* v. *Aikin,* 66 *Mich.* 460.

In admitting the questions excepted to in the record there was error, and the judgment below must be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY. 10.