AUGUST MECHLER, PROSECUTOR, v. JOSEPH FIALK.

Argued November 9, 1911—Decided February 21, 1912.

In a suit for work done and materials furnished under a building contract, and for extra work, it is not error to refuse to nonsuit on the ground that the main contract was made on Sunday, plaintiff appearing to have a valid claim for the extra items not ordered or agreed for on a Sunday.

---

On *certiorari* to Second District Court of Jersey City.

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *Samuel A. Besson.*

For the defendant, *Clarence Kelsey.*

The opinion of the court was delivered by

PARKER, J. The record brought up would seem to indicate that plaintiff below, defendant in *certiorari,* desired to take advantage of the statute of 1910 (*Pamph. L., p.* 229), purporting to confer jurisdiction in certain cases arising under the Mechanics' Lien law, upon District Courts; and various reasons are now assigned and argued, which attack the validity of that act and of the plaintiff's procedure thereunder to enforce a special lien on a specific building and its curtilage. We find it unnecessary to consider any of these questions for the reason that no special judgment against a building and curtilage is exhibited in the record, but, on the contrary, the judgment is a general one, supported by the first part of the declaration embodying the common counts in *assumpsit.* Matters arising under the Mechanics' Lien law are consequently out of the case.

Examining the case as one arising at common law, the essential facts, as found by the trial court, are that defendant below, about August 31st, 1910, made a contract with one Kennelly for the erection of a building by the latter, according to certain plans and specifications; that Kennelly, on October 3d, 1910, subcontracted the painting and paper hanging to Fialk for $500, and that Fialk did part of the work and received from Kennelly $200 on account; that in the following February, Mechler, the owner, becoming dissatisfied with the progress of the work, made a contract directly with Fialk, similar in terms to Kennelly's contract with him, except that a clause providing that extras must be authorized in writing by the owner was omitted; and that Fialk completed the work under this new contract and did certain extra work, and that the judgment was based upon the new contract and the work done under it and the extras.

The only reason in *certiorari* that in any way bears on these direct relations of the parties, and the general judgment based thereon, is the eighth, which is, that the direct contract between Mechler and Fialk was void because made on a Sunday. This fact appears in a certificate by the district judge of what occurred before him prior to and at the trial. The certificate

was made merely at the request of the prosecutor's attorney, and not being the state of the case called for by any rule of this court upon the District Court, is manifestly irregular; but upon the oral argument it was stipulated that the certificate be received as though made in response to such a rule, and we treat it as properly evidencing the conduct of the trial and the facts found from the evidence by the trial court.

But the point raised in the eighth reason cannot avail the prosecutor because it does not appear by the certificate of the trial judge that it was in any way raised before him. *Oliphant* v. *Brearley,* 25 *Vroom* 521; *Reeves* v. *Jones,* 45 *Id.* 330; *Streuli* v. *Wolowitz,* 51 *Id.* 180. Counsel, realizing this, now asserts in his brief that it was in fact raised with other points on a motion for judgment in favor of his client at the end of the case, and asks that the court below be now ruled to certify further as to this feature of the case. This seems to us unnecessary, for assuming that the judge would certify as claimed, the invalidity of the Sunday contract would go only to the contract itself, and not to the extra work done under later agreements, and, consequently, a judgment for the defendant was properly refused, if the court found, as it evidently did, in favor of the claim for extras.

The judgment of the District Court will be affirmed.