### WILLIAMS v. POPE et al.

(District Court, W. D. New York. January 15, 1914. On the Merits, July 29, 1914.)

1. COURTS (§ 347*)—FEDERAL COURTS—EQUITY RULES—EXCEPTIONS—SCANDAL—IMPERTINENCE.

   Under Equity Rule 21 (198 Fed. xxiv, 115 C. C. A. xxiv), exceptions to pleadings for scandal or impertinence no longer obtain, but such matter may be stricken by the court.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

2. COURTS (§ 347*)—FEDERAL COURTS—EQUITY RULES—BILL OF PARTICULARS.

   Where defendants in a suit in equity believe that they cannot safely proceed to trial without a more complete statement of complainant's alleged grievances, a bill of particulars may be required as provided by Equity Rule 20 (198 Fed. xxiv, 115 C. C. A. xxiv).

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PILOTS (§ 1\*)—EXAMINATION—BOARD OF SUPERVISING INSPECTORS—RULES.**

Amended Steamboat-Inspection Rules and Regulations 5, par. 1, provides that, before an original license is issued to any person to act as a master, mate, pilot, or engineer, he shall personally appear before some local board or a supervising inspector for examination; that he shall make application, and when practicable present discharges or letters from the master, or other officer, under whom he served, stating the capacity in which the applicant served, period of service, etc., and when practicable shall also present the written indorsement of the master and engineer of the vessel and of one licensed pilot as to his qualifications, and that no original license shall be issued to any naturalized citizen on less experience than would be required of a citizen of the United States by birth. Paragraph 3 provides that no original pilot's license shall be issued or grade increased except on written examination by a board of local inspectors or a supervising inspector, which examination shall be placed on file in the office of the inspectors issuing the license, and when application is made it shall be the duty of the inspectors to give the applicant the required examination as soon as practicable. *Held*, that such rules are neither void nor illegal.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. §§ 1–3; Dec. Dig. § 1.\*]

**4. PILOTS (§ 5\*)—LICENSE—APPLICATION—EXAMINATION.**

Where local inspectors of steam vessels, after examination, denied complainant a pilot's license, the affirmance of such decision by the supervising inspector did not show that an appeal from an order declining to issue a license on a subsequent examination would not have been fairly considered, or that because of such prior rejection a subsequent appeal would have been useless.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. §§ 5, 6; Dec. Dig. § 5.\*]

**5. PILOTS (§ 5\*)—APPLICATION FOR LICENSE—DENIAL — EXAMINATION — APPEAL.**

Where an application for a pilot's license was denied after examination of the applicant before local inspectors, the applicant's failure to appeal to the supervising inspector, as authorized, was fatal to his right to maintain a bill to restrain such local inspectors from refusing to issue him a license, in the absence of proof of a conspiracy between the local inspectors and the supervising inspector to refuse the applicant a license, notwithstanding his fitness to properly fill the position of pilot.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. §§ 5, 6; Dec. Dig. § 5.\*]

In Equity. Bill by Frank R. Williams against Frederick Pope and another, local inspectors of steam vessels at Buffalo, N. Y. Dismissed.

Frank R. Williams, in pro. per.

John Lord O'Brian, U. S. Atty., of Buffalo, N. Y., for defendants.

HAZEL, District Judge. This is on motion by defendants to strike out portions of the bill as impertinent and to dismiss it on the ground that sufficient facts are not stated to constitute a cause of action. The bill is tautological, uncertain, and verbose. It was prepared in propria persona by the complainant, who is without legal training, and contains a number of conclusions of law and redundant irrelevant allegations, but on careful perusal it will be found to charge the defendants, who are inspectors of steam vessels at Buffalo, with conspiracy to prevent the complainant, who claims to be an experienced pilot and a person qualified to serve in that capacity and as master of steam ves-

sels, from obtaining the necessary government license to engage in his occupation, and with refusal to complainant of such license by defendants, owing to a conspiracy among themselves and others who are designated as inspectors and supervising inspectors.

[1, 2] The gist of the bill seems to be that the defendants wrongfully assigned rule 5, sections 42 and 46, as a justification for not granting the complainant a license, while the complainant claims that such rules are unreasonable and unauthorized, and contrary to section 4405 of the Revised Statutes (U. S. Comp. St. 1901, p. 3018). The bill also alleges that previous examinations of the complainant as to his capabilities as a pilot were unfairly conducted by the defendants, and his appeals to the supervising inspector, the supervising inspector general, and the board of supervising inspectors disallowed in accordance with a previously formed conspiracy to prevent him from engaging in his calling of pilot on the lakes, rivers, and channels. In view of the objections to the bill perhaps the strictly proper course to pursue would be to require the complainant to amend his bill. But under rule 18 of the New Equity Rules (198 Fed. xxiii, 115 C. C. A. xxiii) technical forms of pleading are abolished, and I have determined that complainant's bill, regardless of deficiencies (see Equity Rule 25 [198 Fed. xxv, 115 C. C. A. xxv]) sets forth complainant's asserted grievances. Under Equity Rule 21 (198 Fed. xxiv, 115 C. C. A. xxiv) exceptions to pleadings for scandal or impertinence no longer obtain. It is true that such matters may be stricken out by the court, but this is not thought necessary at this time. I shall not discuss the particular grounds upon which the defendants rely to establish the claim of failure to state a cause of action, nor shall I dwell upon whether or not the defendants were acting within their legal right of judgment and discretion as local inspectors of steam vessels, representing an executive department of the government. If, however, they still believe that they cannot safely proceed to trial without a more complete statement of complainant's alleged grievances, a bill of particulars may be required as provided by rule 20 (198 Fed. xxiv, 115 C. C. A. xxiv) of the New Equity Rules.

The motion to strike out parts of the bill and to dismiss it is denied.

Frank R. Williams, in pro. per.

Donald Bain, for the United States.

### On the Merits.

HAZEL, District Judge. This action was brought against the local inspectors of steam vessels at Buffalo by the complainant who is aggrieved at their action, in October, 1913, in refusing his application for a first-class pilot's license. The bill charges that the rules and regulations prescribed by the board of supervising inspectors are illegal; that the defendants conspired to deprive the complainant of a first-class pilot's license, although his skill and qualification for the same were well known to them; that he successfully passed the examination required by the Revised Statutes of the United States and by the rules and regulations prescribed by the board of supervising inspectors, but that the defendants fraudulently made erroneous reports as to his examination; and that although complainant was competent and qualified to perform the duties of first-class pilot on Niagara river and Lake Erie between Buffalo and Cleveland, the inspectors discriminated against

him by refusing him a license and depriving him of the rights, privileges, and benefits which such license would secure to him. Objection to the sufficiency of the bill was made by defendants which objection, however, was overruled in an opinion heretofore filed, on the grounds stated therein. Issue was thereupon joined, and the United States attorney, representing the defendants, raised at the beginning of the trial the point of failure on the part of complainant to avail himself of his remedy at law under section 4452 of the Revised Statutes (U. S. Comp. St. 1901, p. 3040), namely, an appeal to the supervising inspector of the district wherein he was refused a license by the local inspectors. The complainant, however, contended that he would produce evidence to show that the supervising inspector had prejudged his right to a pilot's license, and that an appeal to him would therefore have been idle and supererogatory. Testimony was thereupon taken in substantiation of the averments of the bill and in refutation thereof.

[3] I.do not deem it necessary to decide the many propositions of fact and law propounded in the brief submitted by complainant. I am of the opinion that rule 5, paragraphs 1 and 3, of the general rules and regulations prescribed by the board of supervising inspectors, relating to the examination of applicants for license, is not void or illegal. We are not here concerned with sections 42 and 46 of rule 5 held invalid by the Circuit Court of Appeals in Williams v. Molther, 198 Fed. 460, 117 C. C. A. 220.

[4] It has not been proven herein that redress would have been denied complainant if he had complied with the statute relating to appeals to the supervising inspector within the prescribed period, or that he would have been unjustly treated or discriminated against. On the contrary, the evidence shows that the supervising inspector pursued the unusual course of offering to re-examine complainant's case after the expiration of the time for taking an appeal from the decision of the local inspectors, and that complainant declined such offer, contending that a fair re-examination or rating would not be given his examination papers and in fact that a conspiracy existed to deprive him of the desired license. The affirmance of the decision of the local inspector of Oswego, refusing complainant's previous application for a license, does not prove that an appeal, taken on the examination herein concerned, would not have been fairly considered, or that because of such rejection a subsequent appeal would have been useless. Indeed the complainant substantially stated at the trial that he was willing to rest this point upon the answer of Supervising Inspector Nelson to a question which he desired to put to him, namely, whether the license would have been granted if an appeal had been taken, to which the answer in effect was that Nelson could not state what his determination as supervising inspector would have been without first closely examining the papers under discussion. This answer would seem to sufficiently indicate that complainant was not prejudged by the supervising inspector as to his fitness for a pilot's license.

[5] In my opinion, complainant's failure to take an appeal from the determination of the local inspectors is fatal to his cause of action, unless he can show that there was a conspiracy among the defendants and the supervising inspector to refuse him a pilot's license notwithstanding

his fitness to properly fill the position of pilot. But the existence of a conspiracy to injure the complainant or to wrongfully deprive him of a license, though averred in the bill, is not shown, nor is there any evidence whatever of bad faith or ulterior motive on the part of the local inspectors in the discharge of their official duties in denying him a license. The inspectors apparently acted in perfect good faith throughout his examination, conscientiously determining his percentage. If there were a few errors in marking the papers, as conceded by Capt. Pope on cross-examination, though not by Capt. Todd, who did the marking, the supervising inspector on appeal would doubtless have remedied such defects and have given the applicant the benefit of the corrections.

It is, however, unnecessary, I think, for me to pass upon the merits or demerits of the examination, inasmuch as the question of complainant's qualification for a license is by law authorized to be passed upon in the first instance by the board of local inspectors, with the right of appeal to the supervising inspector in case of dissatisfaction. As the complainant did not choose to avail himself of this right and as the existence of a conspiracy is not shown, the bill is without equity, and must therefore be dismissed.