PETER J. RODGERS, RESPONDENT, v. EDWARD M. RODROCK COMPANY, APPELLANT.

Submitted December 11, 1922—Decided March 5, 1923.

1. Where there is a contract, oral or in writing, which by its terms fixes the rights of the parties to it, such terms are not subject to alteration by proof of usage or custom inconsistent with those expressed in the contract.
2. Where defendant agrees in open court to the amount of damages due plaintiff, if entitled by law to recover, on which the court acts in directing a verdict for plaintiff, the defendant is estopped, on appeal from the action of the trial court, from raising the question of want of sufficient proof of the amount of damage by plaintiff.

On appeal from the Passaic County Circuit Court.

For the appellant, *Frederick W. Van Blarcom.*

For the respondent, *Albert Comstock* and *William B. Gourley.*

The opinion of the court was delivered by

BERGEN, J. This is an action by plaintiff against defendant to recover damages suffered by plaintiff from an alleged default of defendant in fulfilling a contract for the sale and delivery of one million one hundred and ninety thousand bricks, a portion of which defendant refused to deliver. The trial court directed a verdict in favor of plaintiff and defendant appeals. The plaintiff, a contractor needing bricks, entered into negotiation with defendant by telephone for their purchase, after which, on July 29th, 1919, defendant wrote plaintiff: "Referring to telephone conversation this afternoon, we have entered your order for the following material to be delivered at Madison & 12th aves., this city, as follows: One million one hundred and ninety thousand Hanover W. C. brick at $19 per thousand, we have placed these orders for all material with our factories for protection and will begin delivery as soon as you instruct us, giving two or three days' notice when you wish deliveries to be made. Upon your acknowledgment of the above it will form a contract between us." The next day, but before plaintiff had received defendant's letter, plaintiff wrote defendant to enter his order for the bricks and that he would give the required notice for delivery. After this defendant delivered a considerable portion of the bricks according to the contract, and was paid for them at the contract rate, but refused to furnish a balance of about two hundred and sixty thousand. Bricks advanced very quickly in market value between the date of the contract and required delivery, and plaintiff sued for the difference between the market value and the contract price. The appellant's first ground of appeal argued is that there was no contract entered into between the parties. There is no merit in this contention. The contract was not only entered into but partially performed by defendant at the agreed rate, and subsequent letters of defendant admitted that the contract was being carried out. There was no dispute about the contract until the market price of bricks advanced until it was nearly

doubled that fixed by the contract, and then defendant did not deny the contract but claimed it had been complied with according to the custom and usage of the trade in that locality. The trial court correctly held, as a matter of law, that the writings created an express contract to deliver the agreed amount of bricks at the price stated.

The appellant next argues that it was error to refuse defendant's offered proof that it was a trade custom to limit the amount of material, required to be furnished by a specific contract, to the quantity of material necessary to complete the building which the contractor was erecting. In other words, that a clear and unambiguous contract is subject to be modified by a trade custom in a particular locality. This was properly excluded. The contract in express terms required the delivery of a given number of bricks at a fixed price, and "where there is a contract, either by parol or in writing, its terms must fix the rights of parties, and it cannot be contradicted by proof of usage or custom." *Schenck* v. *Griffin,* 38 *N. J. L.* 462.

The third and last point of appellant is that as plaintiff made no proof of damages the verdict should have been nominal, and not substantial, as the court directed. The trouble appellant meets is that the parties agreed on the amount of damage plaintiff suffered if entitled to recover anything. When the motion to direct for plaintiff was under consideration, a calculation was made based on the undelivered bricks, the contract price and the market value of undelivered bricks, with allowance for some of defendant's set-off, and after the balance was arrived at defendant was asked: "You now agree that this is the amount, provided plaintiff's contention is correct that this agreement for the purchase of the brick is predicated upon a written contract," to which defendant's counsel replied he did. This agreement in open court, which was acted on by the court, relieved plaintiff from any further proof of damages. The judgment will be affirmed, with costs.

For *affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK. KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

For *reversal*—None.