## PAGE STEEL & WIRE CO. v. BLAIR ENGINEERING CO.

Circuit Court of Appeals, Third Circuit.
September 22, 1927.

Rehearing Denied November 1, 1927.

No. 3468.

1. **Evidence** ⊕⟹523—**Expert testimony as to value of engineering work held competent.**

In determining the value of engineering work done by plaintiff in making alterations in a manufacturing plant, the ability required, the nature of the work, and attendant risks, and the necessary labor and time, were all to be considered, and the testimony of plaintiff as an expert *held* competent on the issue.

2. **Appeal and error** ⊕⟹231(3)—**To review admission of evidence, objection must have been made on specific ground relied on.**

To authorize review on error of ruling admitting testimony, objection must have been made on specific ground relied on.

**3. Trial ⬤➡74—Examiner alone may object that answer is not responsive.**

The examiner alone has the right to object that the answer of a witness is not responsive to the question.

**4. Work and labor ⬤➡14(1)—Agreement respecting payments under contract held not to include recovery on quantum meruit.**

An agreement for advance payment to plaintiff on account of work done under a contract, full performance of which had been deferred by defendant, *held* not conclusive of the amount due and not to preclude recovery on a quantum meruit.

**5. Pleading ⬤➡313—Bill of particulars cannot serve as interrogatories to elicit evidence or names of witnesses.**

Bill of particulars cannot be made to serve as interrogatories to elicit evidence or names of plaintiff's witnesses.

**6. Pleading ⬤➡316—Granting or refusing bill of particulars is largely discretionary.**

Granting or refusing bill of particulars rests largely in discretion of court.

**7. Pleading ⬤➡323(3)—Affidavit of attorney insufficient as basis for motion for bill of particulars unless good reason is shown why not made by party.**

Motion for bill of particulars should be based on affidavit of party, and affidavit of attorney is insufficient unless good reason is shown for departure from rule.

**8. Pleading ⬤➡320—Bill of particulars not granted where information sought is as likely to be within knowledge of defendant as of plaintiff.**

Bill of particulars will not be granted, where information sought is within knowledge of defendant or is as likely to be as within that of plaintiff.

In Error to the District Court of the United States for the District of New Jersey; William Clark, Judge.

Action at law by the Blair Engineering Company against the Page Steel & Wire Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hershenstein & Finnerty, of Jersey City, N. J. (Edward L. Katzenbach, of Trenton, N. J., and Forrest M. Anderson, of New York City, of counsel), for plaintiff in error.

Merritt Lane, of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. On February 25, 1920, the parties herein entered into an agreement whereby the complainant, Blair Engineering Company, was to furnish "all the necessary plans and specifications for such alterations and additions as the Page Steel & Wire Company may desire to make in connection with its manufacturing plant at Monessen, Pa.," and to supervise all the work involved in making such alterations and additions. The undertaking of the defendant was conditioned by its "desire." It might or might not desire to make any alterations and additions. No obligation was imposed upon it to do so. We held, when the case was here before, that the agreement was void for lack of mutuality and so was unenforceable. But we also held that the agreement was not illegal, and so the complainant could recover for the reasonable value of the work it had performed, services rendered, and money expended. Blair Engineering Co. v. Page Steel & Wire Co. (C. C. A.) 288 F. 662.

The suit before us is for those services, etc. The complainant had a verdict, and the defendant has brought the judgment here for review on the ground that prejudicial error was committed against it in the admission of evidence, in the refusal to order a bill of particulars, and in the refusal to charge the jury that the defendant did not breach the contract.

[1] The alleged error in the admission of evidence related in part to the admission of expert testimony of Thomas S. Blair, Jr., who is the Blair Engineering Company, Incorporated, as to value of work which the plaintiff had done for the defendant in and about alterations and additions to its plant. Mr. Blair testified as to what the plaintiff did in preparing for the construction of what he called "rush work," "the interlaced work," work "referred to by the November 19, 1920, statement." He was permitted over objection to state what the value of the services of the plaintiff for each of these three pieces of work was with the allowance or deduction for supervision which had not been made. Defendant says that the admission of this testimony was erroneous, because Mr. Blair did not qualify as an expert, but, assuming his qualifications, it was then "improper because it does not state the work for which an estimate of the reasonable value is asked" and because "the record did not contain 'a sufficient particularity of specification' of the work claimed to have been done to admit an opinion of its value."

In reply to the objection, the trial judge said: "The witness stated several times, in my recollection, the work he has done. You don't want him to state it all over again, do you?" Defendant's counsel replied: "It would be as indefinite as it has been heretofore stated, perhaps I might agree with that, but I should like, if I could, to get a definite

statement from the plaintiff as to exactly what he is claiming and exactly that matter upon which he bases his estimate." The court further said: "I thought we consumed considerable time this morning while Mr. Blair went over it in some detail." Mr. Blair was then examined at length as to his qualifications as an expert and as to the work for which the plaintiff was demanding compensation.

The testimony of Mr. Blair as to his qualifications and the work done under his direction for the alterations and additions to defendant's plant covered over a hundred pages. This was work of a highly technical and professional character, based on a quantum meruit. From the very nature of the case, the exact hours that every person engaged in the enterprise spent on the various classes and items of work, is difficult to give and is not required, just as is true in the case of the fees of lawyers. Ability required in doing the work, the nature of the work, and attendant risks, and the necessary labor and time consumed in doing the work, are items which must be considered, and the testimony was not incompetent even if it left the plaintiff's services somewhat indefinite and vague. Edgecomb v. Buckhout, 146 N. Y. 332, 40 N. E. 991, 28 L. R. A. 816; Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028; 28 Ruling Case Law, 675.

[2] The admission of the testimony of James R. Gloyd is assigned as error. Defendant says this testimony was erroneous because his statement of the value of the services rendered by the plaintiff was based, not upon a hypothetical question containing a statement of the services which plaintiff testified it rendered, but upon the work performed by plaintiff company "as testified to." The information should have been elicited by means of a hypothetical question. Shoemaker v. Elmer, 70 N. J. Law, 710, 58 A. 940; Craig v. Noblesville & Stony Creek Gravel Road Co., 98 Ind. 109. But when this question, now objected to, was asked, counsel for defendant asked permission to examine the witness as to his qualifications. After the examination, he interposed an objection and was granted an exception on the single ground that the witness was not qualified as an expert. There was no objection on the ground now raised. To reverse a judge without an objection would be unfair. Further, a mere objection without the statement of the grounds therefor will not sustain an exception. It must appear to the court called on to review the rulings of a trial court, not only that the ruling complained of was objected to, but that the specific ground of objection relied on for reversal was presented to the court below. Cole v. Cliver, 44 N. J. Law, 212; Mooney v. Peck, 49 N. J. Law, 232, 12 A. 177; Oliphant v. Brearley, 54 N. J. Law, 521, 24 A. 660. We, however, may raise an objection on our own motion under rule No. 11, but we are not inclined to do so, unless there is manifest error which results in harm and great injustice. We do not think the facts here justify us in exercising our power under the rule. Furthermore, it is a question whether or not, on a fair interpretation of what took place when the question was asked, counsel did not consent to the question and waive the hypothetical form. Counsel for defendant said that the question was improper "because it does not state the work for which an estimate of the reasonable value is asked"; that is, it was not stated in a hypothetical question, but was left to be inferred from the facts "as testified to." The court then asked: "How long a question do you think Mr. Lane would have to frame; would he have to repeat the testimony"? The defendant's counsel said: "No, sir; I wouldn't want to ask him to do that; that would be too burdensome, indeed; but, if the witness should state shortly the work, the estimate of which he is making, and your honor rules he is competent as an expert to give such evidence of reasonable value, I presume I could not claim as I have concerning the question." At any rate, the point here raised was not objected to, and in our opinion no harm was done.

Defendant says that the testimony for the plaintiff as to the amount of work it did was contradictory and prejudiced the jury; that Blair testified in the beginning that all the "necessary" plans and specifications for the work had been prepared, but later he admitted, and Falkenburg testified, that all the plans and specifications were not completed. The jury heard all the testimony, and we cannot assume that it was misled by the testimony of the plaintiff and its witnesses, but, on the contrary, assume that it, having heard all the testimony, based its verdict upon the reasonable value of the work actually performed.

Defendant further says that the court erred in admitting plaintiff's testimony as to "customary charges," because plaintiff admitted that there were peculiar conditions connected with this work for which there was no precedent, and therefore there could not have been a customary charge for it; that the custom sought to be established did not apply to the "peculiar conditions" of this

case, and, in any event, évidence of custom is not admissible to vary the terms of a contract where such terms are clear and definite. Etna Forge & Bolt Co. v. Youngstown Sheet & Tube Co.· (C. C. A.) 282 F. 786; Tilley v. County of Cook, 103 U. S. 155, 26 L. Ed. 374.

The "peculiar conditions" referred to the requirement that the designing and engineering work be done in such a way that the plant could be operated at the same time. Blair testified that the ordinary work of a remodeling nature was 10 to 15 per cent., but that there were peculiar conditions surrounding this work for which there was no precedent, which made it more difficult. There is no allegation, or charge, however, that the jury allowed more for the work than the customary charge without the difficult features, and therefore assuming that there was no basis for the "peculiar conditions" which made this particular remodeling "more difficult" than ordinary remodeling, no harm was done or prejudicial error committed. Besides, the only ground on which objection was based was that Mr. Blair was incompetent, and that the answer, when made, was not responsive.

[3] The trial judge ruled that Mr. Blair, who testified that he had "knowledge of engineering service rendered in the remodeling of plants for 30 years in two or three capacities," was an expert and qualified to state the reasonable value of his services. The objection on the second ground, that the answer was not responsive to the question, was properly overruled, because the examiner alone had the right to object on that ground. State v. D'Adame, 84 N. J. Law, 386, 390, 86 A. 414; Ann. Cas. 1914B, 1109; In re Dunahugh, 130 Iowa, 692, 107 N. W. 925; Merkle v. Bennington Township, 58 Mich. 156, 24 N. W. 776, 55 Am. Rep. 666; Jones v. New York Central, etc., Railroad Co., 46 App. Div. 470, 61 N. Y. S. 721.

[4] Under the original agreement, it appears that defendant was to pay plaintiff on the basis of 10 per cent. upon construction work done from month to month, but, as no such work was done, they met in New York on June 16, 1920, and made an arbitrary arrangement whereby defendant agreed to pay plaintiff $18,000 to cover the outlay already made at Monesson and $7,500 a month thereafter. Counsel says that, in view of this agreement, testimony as to the reasonable value of the services rendered by plaintiff was inadmissible, because they were fixed by this agreement.

It is true that, where rights of parties are fixed by contract, they may not be changed by evidence of a custom. Rodgers v. Rodrock Co., 98 N. J. Law, 490, 120 A. 1; Etna Forge & Bolt Co. v. Youngstown Sheet & Tube Co. (C. C. A.) 282 F. 786; Tilley v. County of Cook, 103 U. S. 155, 26 L. Ed. 374. But the agreement of June 16, 1920, was meant only to provide for a temporary, advance payment pending the beginning of the work, and was not intended to fix the final pay of the plaintiff, which had been provided for in the agreement of February 25, 1920. Hence it was not error to admit evidence as to the reasonable value of the work done by the plaintiff.

Defendant says that the court erred in admitting, over objection, evidence on issues outside the pleadings. Mr. Blair was asked by counsel for the plaintiff about "extra work, river dock, rod storage yard." Defendant's counsel objected, saying that he did not find in any part of the pleadings any reference to any such items. The issue over this item ultimately came down to the question of whether or not the work was "extra P. M. 3," or "extra the contract of February 25, 1920." But this question became wholly immaterial, because "these claims were withdrawn at the close of the case."

[5] Defendant says that the court erred in refusing to grant defendant's motion for a bill of particulars. The affidavit purports to have been made "for the purpose of procuring an order requiring the plaintiff to furnish a bill of particulars as to its claim set forth in its complaint in order better to prepare an answer." The defendant asked that the plaintiff furnish it with information in thirteen particulars. The purpose of a bill of particulars is to aid the defendant to interpose a proper answer, but the bill before us sought to elicit the evidence upon which the plaintiff hoped to establish his case. The bill of particulars was really a set of interrogatories. Particulars 2 and 3 are typical of the whole thirteen:

"(2) Copies of all plans and specifications made for improvements and additions to the said Monessen plant, and, if impossible, then to furnish a detailed description of each and every of the plans and specifications in the extension and enlargement of the said plant wherein an expenditure of $2,500,000 was contemplated as described in paragraph 8 of the complaint.

"(3) The names of the engineers and draftsmen who worked on said plans and specifications referred to in the previous question, together with the dates when said engineers and draftsmen worked upon

same, and the amount of time each said engineer or draftsman spent on those plans and specifications, and the amounts of money paid to said engineers and draftsmen for work, labor, and services performed on said plans and specifications, together with the dates of all such payments and an itemized statement showing all expenses incident to preparing said plans and the dates of payment thereof."

[6] In the absence of statute, a bill of particulars cannot be made to serve as interrogatories to elicit evidence or the names of plaintiff's witnesses in an action at law in federal courts and whether or not a bill will be granted or refused rests largely in the discretion of the court. Garfield v. Paris, 96 U. S. 557, 24 L. Ed. 821; Curtis v. Phelps et al. (D. C.) 209 F. 261; Green v. Delaware, L. & W. R. R. Co. (D. C.) 211 F. 774; Bodine v. First National Bank of Merchantville et al. (D. C.) 281 F. 571.

The District Judge, however, denied the motion on the ground that the statements contained in the affidavit "are virtually nothing more than conclusions of the deponent, and fail to indicate such knowledge of the facts as is necessary to constitute sufficiency in a moving affidavit."

[7] The general rule is that a motion for a bill of particulars shall be founded on the affidavit of the party litigant and that the affidavit of his attorney alone is insufficient unless some good reason exists for a departure from the rule. The reason the affidavit in the case at bar was "not made by an officer of the defendant is that no officer of defendant is within the state of New Jersey and is not readily available at this time." The learned trial judge found that this was not a sufficient reason, on the authority of Toomey v. Whitney, 81 App. Div. 441, 80 N. Y. S. 826, and St. Regis Paper Co. v. Santa Clara Co., 112 App. Div. 775, 98 N. Y. S. 572.

However, in disposing of the motion, he thought it "advisable to determine the questions presented upon their merits." He found that the information sought in the bill of particulars was peculiarly within defendant's knowledge, and a bill of particulars was unnecessary to enable the defendant to prepare its answer.

[8] Where the information sought is within the knowledge of the defendant, or is as likely to be within his knowledge as in that of the plaintiff, a bill of particulars will not be granted. Bodine v. First National Bank of Merchantville et al., supra.

The defendant filed its answer, and there is no intimation that it was surprised or in any way embarrassed at the trial by reason of the refusal to grant the bill of particulars. There is no contention here that the defendant could or would have produced evidence other than it did produce had the bill of particulars been granted. We do not think that the court erred or that the defendant was prejudiced by the refusal.

The defendant contends that the trial judge erred in refusing to charge that the defendant was not guilty of a breach of contract. In his general charge, the judge instructed the jury that there was no legal contract between the parties, but that the plaintiff could recover for the fair and reasonable value of the work it had done, services rendered, and money expended. The jury without doubt understood the charge, and knew that there was no contract between the parties. The general charge substantially covered the requests, and we do not think that the defendant was prejudiced by the refusal.

We are not satisfied that the item of $19,084.78 shows that the jury allowed anticipated profits to the plaintiff. This bill was not intended or understood to be a final, accurate account. It was an estimated approximation, made for the purpose of a payment on account and the starting of monthly payments. We are not convinced that it may be used as the basis of an inference that the jury allowed anticipated profits.

This was a long case of a highly technical character. Nothing has escaped the attention of capable and industrious counsel, but, after a careful study of every assignment, we do not think that the defendant has been prejudiced or that the learned District Judge committed error.

The judgment is accordingly affirmed.