## UNITED STATES HOFFMAN MACHINERY CORPORATION v. MODERN PRESSING APPLIANCES, Inc.

District Court, E. D. New York. July 6, 1929.

No. 3968.

Maxwell Barus, of New York City, for plaintiff.

Harold L. Turk, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge. The defendant makes application for a bill of particulars pursuant to Equity Rule 20, and demands:

"(1) The names and addresses of the persons by whom the products of plaintiff and its predecessors have been adopted and specified and used, as standard pressing equipment.

"(2) The names and addresses of the persons to whom it is claimed the defendant offered for sale or sold pressing machines not made by plaintiff which the defendant represented as made by plaintiff and the dates when and the persons to whom such misrepresentations were made; and in each instance the particular type of machine and the name of the manufacturer thereof so misrepresented as aforesaid.

"(3) In what respect the plaintiff has been injured together with the items and amount of damage which plaintiff claims he suffered by reason of defendant's acts.

"(4) A statement of the particulars in which the machines claimed to have been sold by defendant were of inferior quality to the machines manufactured by plaintiff."

Equity Rule 20 reads as follows: "A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just."

In the memorandum submitted by counsel for the defendant, no attempt is made to support any of the foregoing demands other than that stated in item 2. In respect to that item the cases of Bradley v. Huntington (C. C. A.) 277 F. 948, and Williams v. Pope (D. C.) 215 F. 1000, are cited.

It can very well be understood that in the former case, involving an allegation on information and belief in a petition in bankruptcy that the bankrupt while insolvent made payments to certain unknown creditors by way of preference, the alleged bankrupt was entitled to obtain, by way of bill of particulars, information as to the ultimate issue, i. e., whether he did or did not prefer any of his creditors.

Such is not the circumstance in the pending cause, for it appears from the moving papers that the plaintiff has already furnished the name of at least one person to whom defendant made a sale under alleged misrepresentation. The single sale to De Simon, if proved at the trial, would be sufficient to justify an interlocutory decree for the plaintiff.

Again, the case of Williams v. Pope, cited by the defendant, holds merely that where the defendants believe they "cannot safely proceed to trial without a more complete statement of complainant's alleged grievances, a bill of particulars may be required as provided by Equity Rule 20." That case cannot be interpreted as holding that when the information sought is within the knowledge of defendant, or is as likely to be within its knowledge as within that of the plaintiff, a bill of particulars will be granted.

On the contrary, it was held in Page Steel & Wire Co. v. Blair Engineering Co. (C. C. A.) 22 F.(2d) 403, that a bill of particulars will not be granted in such circumstances. The knowledge of the defendant in respect to its own acts and representations certainly must be assumed to be within its own knowledge.

Taking now the other items in the bill of particulars:

Item 1, demanding the names and addresses of plaintiff's customers, who have adopted plaintiff's products as standard pressing equipment, does not seem to be contemplated by Equity Rule 20. Plaintiff in paragraph "Fourth" of the complaint, among other matters, alleges "that the products of the plaintiff and its predecessors have been adopted and specified and used as standard pressing equipment by a large number of users in the United States." To give the names and addresses of such users is not in my opinion to set forth "a further and better statement of the nature of the claim or defense," or indeed of "further and better particulars of any matter stated" in the pleading. The plaintiff need not at this time be limited to a statement of those witnesses who are expected to prove that its products "have been adopted and specified and used as standard pressing equipment"; nor would the knowledge of such names assist the defendant in preparation for trial.

Item 3 clearly goes to the accounting. Munger v. Firestone Tire & Rubber Co. (C. C. A.) 261 F. 921.

Since it would be no defense to an action of unfair competition that defendant's article is as good as or even better than plaintiff's, the matter of inferiority, concerning which defendant seeks further particulars under item 4, is not essential to the defense.

Accordingly, the motion is in all respects denied.