## ONONDAGA POTTERY CO. v. SHENANGO POTTERY CO.

### No. 3401.

District Court, W. D. Pennsylvania.
Oct. 27, 1938.

518

Brown, Critchlow & Flick, of Pittsburgh, Pa., for plaintiff.

Stebbins, Blenko & Parmalee, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in equity containing two causes of action: (1) Charging defendant with infringement of five certain design-patents. for table china-ware, to-wit: (a) Cowan Patent No. 97,119, for an ornamental design for a cup; (b) Cowan Patent No. 100,850, for an ornamental design for a cup; (c) Cowan Patent No. 100,851, for an ornamental design for a plate; (d) Cowan Patent No. 100,852, for an ornamental design for a cup; and (e) Wigley Patent No. 100,238, for an ornamental design for a plate; (2) Charging defendant with unfair competition in the marketing of table china-ware.

Defendant has filed a motion, asking that the plaintiff file a bill of particulars. Plaintiff is objecting to furnishing these particulars. We shall consider the requests in the order stated in defendant's motion.

Requests 1 to 6, inclusive, ask that plaintiff specify the particular articles of defendant's manufacture which are alleged to infringe the patents in suit or any two or more of them. We are of the opinion that these requests should be denied. Paragraph 12 of the first cause of action stated in the bill of complaint, sufficiently pleads the ultimate facts to charge the alleged infringement. The bill contains copies of all the design-patents. The defendant certainly knows what articles of china-ware it manufactures and what ornamental designs it places upon them. Surely, with that information it can answer whether or not any of its china-ware designs infringes any of the patents in suit. See Morton Trust Co. v. American Car & Foundry Co., 3 Cir., 129 F. 916.

The 7th request asks that plaintiff specify the date it began the manufacture and sale of the articles of tableware embodying the designs of the patents in suit. This request will be denied. It relates to evidentiary matters. If proper at all, it would only be required in interrogatories, and then only if there were a simultaneous disclosure of dates by both parties.

The 8th request asks that plaintiff name the "Others" with whom defendant is alleged in Paragraph 12 of the first cause of action to have been acting in conjunc-

tion in alleged infringement of the patents in suit. This request will be denied. We see no reason to grant this request, for surely the names of the persons with whom defendant has been acting is a matter peculiarly within the knowledge of the defendant, and a bill of particulars would be unnecessary to enable defendant to prepare its answer. See Page Steel & Wire Co. v. Blair Engineering Co., 3 Cir., 22 F. 2d 403.

■ Requests 9 and 10 ask plaintiff to furnish copies or otherwise identify the written notices pleaded in paragraph 13 of the infringement cause of action. These requests will be denied. In our view, these alleged written notices are sufficiently identified in this paragraph to enable defendant to answer whether or not it received them.

### As to the Second Cause of Action

■ Requests (a), (b), and (d), ask plaintiff to specify the particular articles sold by defendant which are alleged to constitute unfair competition in trade, and also all plaintiff's designs for china-ware which have been appropriated by defendant. We are of the opinion that paragraphs 15 and 16 of the bill of complaint sufficiently describe the articles alleged to have been sold in unfair competition to enable the defendant to answer. In addition, paragraphs 2 to 7, inclusive, of the second cause of action, allege that the articles shown in Exhibits F to Q, inclusive, attached to the bill of complaint, are representative of the plaintiff's various articles and designs charged to be simulated by defendant.

Request (c), asking the name of the "others" with whom defendant has been acting in conjunction as charged in paragraph 15 of the second cause of action, is refused for the same reason stated for the refusal of request 8 as to the first cause of action.

■ Request (e) asks that paragraph 18 of the second cause of action be made more definite by identifying what sets of plaintiff's manufacture have had articles replaced by those of defendant. We believe that this request calls for evidential matters, and it is therefore refused. Paragraph 18 sufficiently sets out the ultimate facts charged to enable the defendant to answer. If entitled at all to this information, it could properly be had on interrogatories after the answer is filed.

Request (f) asks that plaintiff make more certain paragraph 19 by stating what warning was given. The ultimate facts are properly pleaded in this paragraph. The matters asked for are of an evidential character and could be had properly only by interrogatories after answer is filed.

Request (g) asks plaintiff to make paragraph 2 of the second cause of action more definite by stating specifically the "certain over-all dimensions, and dimensions of the food well" which are alleged to be distinguishing features. We have read this paragraph and conclude that it sufficiently states the ultimate facts to enable the defendant to answer. This request could properly be made only in interrogatories. Request (g) will be refused.

■ Requests (h), (i), (j), (k), and (k,l), asks that the plaintiff state whether certain of the patents in suit are embodied in the china-ware photographed in Exhibits F to Q attached to the bill of complaint, and to furnish photographs of other cups referred to in addition to Exhibits O and Q. These requests will all be refused, as we do not regard this information necessary in order to apprise defendant of the nature of plaintiff's charges of unfair competition. These requests are further objectionable as limiting the plaintiff's pleading a definite interpretation of the scope of the design-patents, and also as calling for an opinion or conclusion either of fact or of law, and not a statement of the ultimate facts.

An order may be submitted denying defendant's motion for a bill of particulars, and requiring defendant to answer the bill of complaint within fifteen days.