F. H. TOWNSEND v: A. N. AND N. A. WHITE, Appellants, and GEORGE AND MARY HAVER.

STATUTE OF FRAUDS: ORDER OF LIENS. An agreement by a vendor, that his vendor's lien shall be subordinate to a mechanic's lien for material to be furnished to the purchaser for improving the property, is not a contract for the transfer of an interest in real estate, within the inhibition of the statute of frauds against verbal contracts for such purposes; nor is it within the statute as an agreement to answer for the debt of another.

Judgments: LIENS. Plaintiff, in an action to establish a lien against a wife's property for material furnished under a contract with her husband is entit'ed to a judgment establishing his lien as a mechanic's lien, and not as a mere equitable lien, where the husband a· d wife make default and a mortgagee of the property who contests the priority of the lien over his mortgage does not question that if plaintiff's lien is to be established, it should be established as a mechanic's lien.

*Appeal from Cass District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, MAY 26, 1897.

A. N. AND N. A. WHITE sold to Mary M. Haver, wife of George Haver, ten acres of land, for the agreed price of six hundred and fifty dollars, no part of which was paid, and for the security of which a vendor's lien existed. The plaintiff furnished the material to erect a house and barn on the land, and this action is to establish a lien for the material so furnished, as prior to the lien of A. N. and N. A. White. A. N. and N. A. White, by cross-bill, seek a foreclosure of their lien, and the question is presented as to which lien takes priority. The district court denied to plaintiff a mechanic's lien, but gave to him an equitable one, with priority over the lien of the defendants White, and established a lien in favor of each. Defendants White appealed from the order giving plaintiff a priority, and plaintiff appealed from the order denying the mechanic's lien.—*Reversed* on plaintiff's appeal, and *affirmed* on defendant's appeal.

*Dowell & Parrish* for appellants White.

*White, Swan & Bruce* for appellant Townsend.

GRANGER, J.—I.     The parties are not in dispute but that the vendor's lien would take priority in the absence of particular facts to change the rule. The claim of plaintiff is that, before he furnished materials, he had an agreement with the defendants White that he should furnish the material for the buildings, and that his lien should be prior to any interest of theirs, and that he furnished the materials in pursuance of such agreement. The parties are in dispute as to this proposition of fact. We conclude from the evidence that such was

the understanding. It is probably true that the word "lien" was not used, but one of the Whites was the first to see and talk with plaintiff about furnishing the materials. They had sold the land without any payment, and were desirous of having the improvements made, and the talk was that plaintiff should furnish the materials, and should be first paid. This was clearly the understanding and that is not denied. We have no doubt that plaintiff understood, and that defendants White did understand, or at least should have understood, that the land should stand first as a security for plaintiff's claim. The language must be viewed in the light of the surroundings and the reasons for making the preference as to payment. It is not important to elaborate the point. It is one of fact, and we are not in doubt as to it, as the evidence is presented.

II.   It is, however, said that the evidence to show the fact of such agreement is incompetent, because it is oral, and the promise is to answer for the debt of another. We can hardly see how. The transaction does not seem to us to bear any relation to the statute of frauds. There was no debt when the agreement was made, nor was there any agreement to pay a debt. It is also said the evidence was incompetent, because the contract was for the transfer of an interest in real estate. What interest? The defendants had their vendor's lien, and they have it yet. They, by their agreement, permitted another lien, if it should attach, to be prior to it. No conceivable interest in the land was transferred. The sale of the land by defendants and the agreement with plaintiff were so near in point of time that they may be said to be simultaneous. In no sense can there be said to have been any transfer of an interest in real estate. The interests or liens are preserved just as they attached under the agreement.

III.   It appears that the title to the land is in the
wife, and the contract for the lumber was made with
her husband, and, as we understand, because of the situ-
ation of the title, the district court established an equi-
table, instead of a mechanic's lien.   The defend-
ants White do not question, if a lien is to be
established, that it should be a mechanic's lien;
and the defendants Haver are in default, and have at no
time questioned the right to such a lien.   This situation
makes it unnecessary to give reason for our conclusion,
and we simply state it, that a mechanic's lien should
have been established in favor of plaintiff.   On plain-
tiff's appeal the judgment is REVERSED.   On defendant's
appeal it is AFFIRMED.