IN RE WILL OF ELIZA A. DUNAHUGH, Deceased, JOHN C. ULUM, Contestant, Appellant.

**Wills:** PROOF OF TESTATOR'S SANITY. In proof of a will it is not
1 necessary for the proponent to show that the testator was sane, as his sanity is presumed until the contrary appears.

**Evidence:** MOTION TO STRIKE. A motion to strike incompetent
2 testimony, which fairly comprehends the objection thereto, should be sustained.

**Irresponsive evidence:** MOTION TO STRIKE. Ordinarily the exam-
3 ining party, only, can object to evidence which is not responsive, but if stricken on the objection of the other party prejudice must be shown to constitute the ruling reversible error.

**Subsequent will:** PROOF OF SAME. The existence of a subsequent
4 will cannot be established by proof, simply, of statements of the testator that he had executed such an instrument, and where the same is not produced, or, if lost its contents proven, showing an express or implied revocation, refusal to admit the testator's statements is not erroneous, even if competent for some other purpose than proof of the existence of such will.

**Mental capacity:** Proof of a spiritualistic belief will not establish lack of testamentary capacity.

*Appeal from Story District Court.*— HON. J. H. RICHARD, Judge.

TUESDAY, JUNE 5, 1906.

ON May 8, 1900, Eliza A. Dunahugh and her husband, Alexander Dunahugh, jointly executed a will in which George W. Atkinson was named as sole devisee. Mrs. Dunahugh died in May, 1904, and the will so executed was offered for probate. John C. Ulum, a brother of the decedent, appeared in the proceedings and filed objections as follows: (1) That at the time the will was executed, the said Eliza A. Dunahugh was not of sound and disposing mind; (2) that said will was procured to be executed by fraud, duress and undue influence on the part of George W. Atkinson, the devisee named therein; (3) that said will has been revoked in accordance with law. At the close of all the evidence, there was an instructed verdict in favor of proponent, and the will was ordered admitted to probate. The contestant appeals.— *Affirmed.*

*Milton Remley,* for appellant.

*E. M. McCall* and *J. A. McCall,* for appellee.

BISHOP, J.— I.  The proponent offered the will in evidence, and thereto the contestant objected on the ground that it had not been shown that the testatrix was of sound mind at the time of her execution of the instrument. The objection was overruled, and error is predicated on such ruling. It is the precise contention of counsel that as the statute authorizes the making of a will only by persons of full age and sound mind, it was not competent to put the will in evidence until preliminary proof of soundness of mind had been brought forward. This con-

1. WILLS: proof of testator's sanity.

tention may be disposed of by reference to the case of *Hull v. Hull,* 117 Iowa, 738: as there said " it is not necessary in the original evidence in behalf of proponent to introduce witnesses in support of the sanity of the testatrix. Sanity is presumed until there is evidence to the contrary." But, aside from this, the subscribing witnesses to the will, one of whom was the attorney who drew the instrument, who had known the testatrix for many years, testified that at the time of execution she was in her usual health. This was sufficient in any event.

II. Josiah Dunahugh, a brother of Alexander, was called as a witness for contestant, and in the course of his examination in chief answered that as to some fact matters testified to by him his knowledge was based solely on what he had been told by Mrs. Dunahugh. The proponent moved to strike out the testimony " under section 4604 of the Code, as hearsay." The motion was sustained, and this is said to present error. Just what idea was intended to be conveyed in stating the grounds of the motion is not very clear. Counsel for contestant insists that the subject-matter was foreign to any thought involved in the section of the Code invoked, and this we may concede to be true. But the testimony struck at was clearly enough hearsay, and as that ground was at least comprehended in the motion, the ruling was correct.

2. EVIDENCE: motion to strike.

III. During the examination in chief of a witness for contestant, counsel for proponent repeatedly interrupted with an objection that the answer of the witness was not responsive to the question, and such objections were sustained. It is insisted that herein was error, and this for the reason that no one but the party conducting the examination of a witness can be heard to object to an answer on the ground that it is not responsive. We agree that the rule is as contended for by counsel. If the evidence given by a witness is competent and material, the examining party may adopt it even though not

3. IRRESPONSIVE EVIDENCE: motion to strike.

strictly in response to the question propounded.  "The objection that an answer is not responsive is one to be made by the party who does the questioning and not by his antagonist; if the answer is proper evidence, the party who is examining the witness has the right to take and retain it if he desires so to do." *Merkle v. Bennington Tp.*, 58 Mich. 156 (24 N. W. 776, 55 Am. Rep. 666).  But accepting this to be the rule, the record must show substantial prejudice arising out of an adverse ruling or the judgment will not be disturbed.  Considering the rulings made as equivalent to an order sustaining a motion to strike the answers already in the record, and without entering upon details, we think the matter involved in such answers as not of sufficient importance to warrant a conclusion of prejudice.  Moreover, had contestant desired the evidence thus ruled out as not responsive, it would have been easy enough to have covered the ground by propounding questions addressed to the subject-mattter, and thus have perfected the record beyond cavil.  He did not see fit to do so, and we think he has no present ground of complaint.

IV. Contestant sought to show by two witnesses that in conversations had by them with Mrs. Dunahugh a short time before her death, she made statements to the effect that she had executed another will subsequent to the one offered for probate.  This evidence was ruled out on objection, and the ruling is assigned as error.  Without doubt a will may be revoked by the due execution of a subsequent will.  Code, section 3276.  Proof of the execution of a subsequent instrument testamentary in character is not sufficient of itself, however, to establish revocation.  There must be either an express clause of revocation, or an inconsistent disposition of the previously devised property.  *In re Sternberg's Will*, 94 Iowa, 305; 30 Am. & Eng. Ency. 624.  And the burden is on the contestant to bring forward the subsequent will and demand probate thereof.  If execution of a subsequent will

4. SUBSEQUENT WILL: proof of same.

is alleged, and it is said that the instrument cannot be found, it is for him who so alleges to bring forward satisfactory proof not only of due execution as required by law, but of the contents of the will. Now, the fact of a will cannot be proved merely by evidence of statements or declarations on the part of the decedent, to the effect that he had made a will. And it has been said that "the reason assigned for this is that the exercise of the extraordinary power being conditioned on the observance of formalities prescribed by statute, one cannot, by his own mere assertion, establish that he has fulfilled the required conditions." 23 Am. & Eng. Enc. 147, citing the following cases: *Clark v. Morton,* 5 Rawle (Pa.) 235 (28 Am. Dec. 667), *Tynan v. Paschal,* 27 Tex. 286 (84 Am. Dec. 619); *Lane v. Hill,* 68 N. H. 282 (44 Atl. 393, 73 Am. St. Rep. 591), *Sugden v. St. Leonards,* 1 Prob. Div. 154. See, also, *Gay v. Gay,* 60 Iowa, 415; *Allen v. Jeter,* 74 Tenn. 672; *Gibson v. Gibson,* 24 Mo. 227. Conceding, then, that the question of the existence of a revocatory will was sufficiently raised by the objections presented by the instant contestant, we conclude that there was no error in the rulings complained of. And this follows notwithstanding the evidence may have been material and competent to some other purpose than proof of the execution of a will, for the reason that no further attempt was made to make such proof.

V. There is no evidence in the record tending to show fraud, duress, or undue influence. One of the grounds relied on to establish the charge of mental unsoundness on the

5. Mental Capacity.

part of the testatrix. was that she was a firm believer in Spiritualism. This is not sufficient to show a want of testamentary capacity. *Otto v. Doty,* 61 Iowa, 23; 1 Underhill on Wills, section 96. The further evidence addressed to the subject did not warrant the submission of the case for a verdict.

Other errors assigned need not be separately discussed.

We conclude that the result reached was dictated by the record, and that the judgment should be, and is, *affirmed*.