### T. J. REGAN v. I. R. KIRK, Appellant.

**Statute of frauds:** ORAL AGREEMENT TO PAY DEBT OF ANOTHER. Oral evidence of a promise to pay the debt of another is inadmissible under the statute, and the mere fact that the promisee relied upon the unenforceable contract will not operate to make it enforceable.

*Appeal from Cerro Gordo District Court.*—HON. J. F. CLYDE, Judge.

MONDAY, NOVEMBER 23, 1908.

ACTION on an alleged contract for labor on a farm resulted in a judgment against defendant, from which he appeals.—*Reversed.*

*Cliggitt, Rule & Keeler,* for appellant.

*Glass, McConlogue & Witmer,* for appellee.

LADD, C. J.—The evidence tended to show that plaintiff had begun work for a tenant of defendant, under an agreement that he should be paid $25 per month for eight months; that after laboring about a month he ascertained that the tenant was in financial trouble, and ad-

vised him that he would quit unless payment of his wages were guaranteed; that the two met defendant by appointment, when plaintiff repeated the statement, and defendant, according to the evidence of the other two, told him, in substance, to go ahead and work, and he would see that he got $25 per month for eight months, and got $10 per month as he needed it, and the balance when his time was up; that he continued in the tenant's employment as agreed. The court instructed the jury that, if plaintiff hired out as stated and, upon discovering the tenant's financial circumstances, told defendant he would quit unless assured the payment of his wages and "defendant orally promised to pay him, or see that he was paid, in case he would not quit work, and the plaintiff relied upon such promise, and continued work only because it was made to him, then such oral promise would be valid between the plaintiff and the person making it. But if the defendants, or either of them, made an oral promise to pay the plaintiff for the work which he had agreed to do for Treaner, such promise was void and of no force or effect, unless it is further proved that the work was performed on the strength of such oral contract, and would not have been performed without it." This was clearly erroneous. The fact that the promisee relies on an unenforceable promise does not validate it. The contract itself must be such as is enforceable upon performance. Evidence of an oral agreement to "answer the debt, default or miscarriage of another" is inadmissible under the statute, regardless of whether it is acted on or not. Section 4625, Code. Nor can it be said that the instruction was without prejudice. No witness pretended to say that the contract between plaintiff and the tenant was modified in any manner. The obligation of the latter to pay the wages continued as before, and plaintiff remained in his employment. No purpose of defendant was subserved, save in aiding his tenant, on the land of his stepchildren, to retain a hired

man.   Indeed we are at a loss to understand on what theory plaintiff can maintain the action, but as we have no argument in his behalf, the point is not determined.— *Reversed.*