L. T. ANDERSON, Appellee, v. J. B. LEMKER, Appellant.

**CONTRACTS:** Requisites and Validity—Implied Agreements—Purchases on Credit of Another. One who authorizes purchases to be made on his personal credit impliedly agrees to pay for such purchases when made. Liability is not dependent on such promisor's knowing at the time of such purchase that credit had been extended on his account.

**CONTRACTS:** Consideration—Detriment to Promisor. Detriment to a promisor furnishes as adequate a consideration for a contract as a benefit to promisor. So held where the promisor orally agreed to pay for goods purchased by and for the use of another.

**FRAUDS, STATUTE OF:** Debt or Default of Another—Contract not Within Statute. A promisor's oral agreement that another may make purchases for such other and have such purchases charged to the promisor, is an agreement by promisor to pay his own debt. Section 4625, Par. 3, Code, 1897.

**PARENT AND CHILD:** Support of Child—Necessaries—When Showing Unnecessary. Whether certain purchases by a minor on the credit of the parent were or were not for necessaries becomes quite immaterial when it appears that the parent authorized such purchases.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

TUESDAY, APRIL 3, 1917.

REHEARING DENIED MONDAY, JUNE 18, 1917.

ACTION on account resulted in judgment as prayed. The defendant appeals.—*Affirmed.*

*W. C. Saul* and *W. I. Saul,* for appellant.

*E. A. Wissler,* for appellee.

LADD, J.—Recovery is sought against defendant on an account consisting of 54 items of merchandise and repairs. The sum of $20 had been paid, leaving $212.85, with interest from June 27, 1910, six months after the last item. The first 7 items, amounting to $81.75, were purchased by Wm. Gute, defendant's son-in-law, who made the payment of $20, and all others by his son. Gute testified that defendant asked him to move on his farm, and, upon being informed that he did not have the tools, equipment and machinery to farm with, told him to procure such articles as he' needed at the store of plaintiff and charge same to his account, and what he (the witness) could not pay, this defendant would pay for; and that, as so directed, he purchased the 7 articles and caused them to be charged to defendant. This testimony was corroborated by defendant's daughter. His son testified that he had purchased all other articles; that he had been told by his father so to do, and to have repairs as per the account, and to have such items charged to defendant's account; that all said articles were taken to and used on defendant's farm where the witness lived, except those purchased for witness' use, which were bought and charged "with his parent's" consent; and that the repairing charged was of defendant's property. The plaintiff swore that he sold the different items on statements by the purchasers that defendant had authorized them to buy and have charged to his account, and that the items were so entered on his books. The defendant denied

having authorized the purchasers or that the items be charged to his account. Other evidence need not be set out.; for, if that stated is held to sustain the judgment, it must necessarily be affirmed. Objections to the evidence as tending to prove agreements not in writing, to answer for the debt, default or miscarriage of another, were interposed and overruled. Nine errors are assigned; but, as counsel for appellant say, only two propositions are involved.

1. CONTRACTS: requisites and validity: implied agreements: purchases on credit of another.

I. Appellant contends that there is no liability on the first 7 items of the account,. for that (1) there is no evidence that defendant knew that plaintiff was extending credit to Gute on his (defendant's) account; (2) plaintiff was not informed that defendant was to pay for these items; and (3) no benefit or advantage was shown to have moved to the defendant. If defendant "advised his son-in-law to go to the store of plaintiff and purchase such articles as he needed and could get and charge the same to his (defendant's) account, and what he (the witness) could not pay, this defendant would pay for," and in pursuance of such advice Gute purchased the several articles, and these were charged, at Gute's request, to defendant's account, as testified to by plaintiff and Gute, the defendant became liable, regardless of whether defendant was otherwise informed of credit's having been extended to him. Nor is it material that plaintiff was not otherwise informed that defendant was to pay for the items. If, in selling, plaintiff extended credit to defendant, as had been arranged between the purchaser and defendant, and did not sell on the credit of the purchaser, it is immaterial whether or not plaintiff was informed of defendant's promise to pay. The clear implication of a promise to pay arises from the authority to buy on defendant's credit, even though he had not promised anyone to pay.

It may be, as contended, that he derived

**2. CONTRACTS: consideration: detriment to promisor.**  no advantage from the transaction, but it does not follow therefrom that there was no consideration for his undertaking. A detriment may be a sufficient consideration, as well as an advantage or benefit. That plaintiff, in parting with his goods in reliance on defendant's credit, authorized to effectuate his purpose in enabling his son-in-law to operate his farm, certainly worked a detriment which constituted an ample consideration for defendant's undertaking to pay the account. *Harlan v. Harlan,* 102 Iowa 701. The absence of detriment appears in *Regan v. Kirk,* 140 Iowa 302, where an employe had obligated himself to work 8 months for the tenant before the landlord told him to go ahead and work and he would see that he got his pay. In completing his contract with the tenant, the employe did no more than he was obliged to do under his contract, and therefore the promise of the landlord was without consideration. See *Meginnes v. McChesney,* 179 Iowa 563.

Had the goods been sold and charged

**3. FRAUDS, STATUTE OF: debt or default of another: contract not within statute.**  to Gute, and the promise of defendant been merely to pay the account, the agreement must have been regarded as collateral, and within the statute of frauds. *Langdon v. Richardson,* 58 Iowa 610. But Gute did not become indebted to plaintiff. The understanding between them was that the purchases were on defendant's credit, and, therefore, plaintiff necessarily looked to him for payment. The debt was that of defendant, and the promise implied, or as made to Gute, was to pay his own indebtedness, though created for goods sold to Gute. Manifestly, the transaction did not involve a promise to answer for the debt of another, and the court rightly held evidence thereof admissible, notwithstanding Par. 3 of Section 4625 of the Code.

II.   Liability for the other goods bought

**4. PARENT AND CHILD: support of child: necessaries: when showing unnecessary.** and repairs done is denied by defendant. for that, as is said, these were sold to the son "without order or direction from him (defendant) for their delivery, and for the further reason that they were not necessary for the minor's support or welfare." Conceding the facts to be as stated, they do not obviate liability. What defendant might have done he could authorize another to do for him. If the son truly testified, the defendant authorized him to purchase the goods and have the repairs done and to have the prices charged to defendant's account. In other words, he did, as defendant's agent, precisely what defendant himself might have done, and, as he acted within the scope of his authority, defendant became liable precisely as though he had bought the goods and had the repairs done. This being so, it is immaterial whether he had directed plaintiff to deliver the goods or whether these were necessaries for the use of the son. As to whether authority was given the son to buy on his father's credit, the evidence was in conflict, and the finding of the district court is as conclusive as a verdict of a jury.

There was no error, and the judgment is—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.