## CINCINNATI DISTRIBUTING CO. v. SHERWOOD & SHERWOOD COMMERCIAL CO.

(Circuit Court of Appeals, Ninth Circuit. January 3, 1921.)

No. 3545.

1. **Frauds, statute of ☞116(1)—Telegram by buyer's agent held not "memorandum" binding seller.**

A telegram from the buyer's agent, signed by his own name, is not a "memorandum" signed by the party to be charged, sufficient under the statute to bind the seller, even though the seller's agent had requested the buyer's agent to send a telegram confirming the sale.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Memorandum.]

2. **Frauds, statute of ☞144—Party may be estopped to rely on statute as defense.**

A party to an oral contract may, by acquiescence in acts by the other party on the faith of the contract, estop himself from raising the defense of the statute of frauds.

3. **Frauds, statute of ☞144—Failure to disaffirm oral contract does not estop party from reliance on statute.**

Mere silence by a party to an oral contract for the sale of goods, without knowledge that the goods were wanted for immediate resale or had been resold, does not estop the seller from relying on the statute, though in fact the buyer had resold the goods and was compelled to purchase other goods at an increased price to deliver to the subsequent buyer.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Frank H. Rudkin, Judge.

Action by the Cincinnati Distributing Company against the Sherwood & Sherwood Commercial Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Richard S. Goldman and John C. Altman, both of San Francisco, Cal., for plaintiff in error.

Lucius L. Solomons and Fred C. Peterson, both of San Francisco, Cal., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GILBERT, Circuit Judge. The plaintiff in error brought an action in the court below to recover damages for breach of contract which it made with the defendant for the sale and delivery of merchandise. The court below granted a nonsuit, on the ground that the contract was within the statute of frauds and no written memorandum thereof was signed by the defendant. This ruling is assigned as error. The evidence was that on March 14, 1918, Hellman, a representative of the plaintiff, had a conversation over the telephone with Lieb, who represented the defendant. Hellman testified that he agreed with Lieb to purchase from the defendant 99 barrels of Old Taylor whisky of the fall of 1913 at $1.32½ and 99 barrels of the spring of 1914 at $1.35 less all charges to date and 2 per cent. commission, and that upon the conclusion of the agreement he said to Lieb, "I wish you would wire confirmation to our Cincinnati office," and that Lieb replied: "I am ready to leave the office. There is somebody waiting for me. I cannot take the time. Will you make this confirmation for me?" And Hellman testified that thereupon he wired to his home office at Cincinnati: "Bought ninety-nine each fall thirteen spring fourteen Taylor one thirty two one half, thirty five less commission." The plaintiff showed that prior to that telegram Hellman had telegraphed to the plaintiff at Cincinnati that the defendant would sell Old Taylor whisky at a price which he named, and that on the following day he received instruction to buy Old Taylor whisky "fall thirteen and spring fourteen at prices your wire or better."

[1] The plaintiff contends that the three telegrams, when taken together, constitute a written memorandum within the statute of frauds; that, inasmuch as the telegrams which Hellman sent after he had made the agreement were sent for and on behalf of the defendant and as its act, the statute of frauds was complied with. The contention cannot be sustained. The final message so sent is upon its face no more than information to the plaintiff that its agent had bought a specified quantity of whisky at a price named. It did not purport to come from the defendant, nor was it signed by or in the presence of or in the name of the defendant, or any officer or agent of the defendant. The direction which the defendant's agent gave to the plaintiff's agent to send a confirmatory dispatch cannot avail the plaintiff, for the statute of California provides that authority to enter into a contract required by law to be in writing can only be given by an instrument in writing. Nason v. Lingle, 143 Cal. 363, 77 Pac. 71.

[2] It was shown that the plaintiff, immediately upon receiving notice of the purchase by Hellman, sold the merchandise to a customer at $1.40 per gallon, and about two weeks after that time received notice that the defendant had repudiated the contract and sold the whisky to another. It was shown, also, that the plaintiff, being unable to deliver the merchandise it had sold, was obliged to buy other whisky at $1.85 per gallon in order to fulfill its obligation, whereby it lost $5,272.75. The plaintiff contends that the facts estop the defendant to avail itself of the statute of frauds; that one is not permitted to dispute a state of facts which he has induced another to believe in and to act upon. It is true that a contract may be within the statute of

frauds; yet if the conduct of the party who relies upon the statute has been such as to raise an equity outside of and independent of the contract, he may be estopped to make that defense. 20 Cyc. 308.

[3] In Glass v. Hulbert, 102 Mass. 24, 3 Am. Rep. 418, the court held that to create estoppel against the defense of the statute there must be some change in the condition or position of the party seeking relief, by reason of being induced to enter upon the execution of the agreement, or to do acts upon the faith of it as if it were executed, with the knowledge and acquiescence of the other party, either express or implied. Here there were no acts of acquiescence on the part of the defendant. It received no consideration for the sale. It parted with the possession of none of the goods purchased. It was not advised that the goods were wanted for immediate resale, nor did it know before it repudiated the contract that the goods had been resold. There was nothing except its silence to indicate to the plaintiff that the oral contract would be performed. The mere fact that one acts upon an oral promise, hoping that it will be carried out, does not create estoppel. Miller v. Hart, 122 Ky. 494, 91 S. W. 698; Regan v. Kirk, 140 Iowa, 302, 118 N. W. 317.

The judgment is affirmed.