A. M. RUSSELL, Appellant, v. JOHN CLEMENS & COMPANY, Appellees.

**TRIAL:** Instructions—Submission of Express and Implied Contract. A plaintiff who pleads, in dual counts, on the same transaction, an *express* and an *implied* contract for compensation may not have his *quantum meruit* count submitted to the jury when the evidence conclusively shows an express contract for compensation, but renders the right to recover dependent on issues other than the issue as to compensation.

*Appeal from Chickasaw District Court.*—H. E. TAYLOR, Judge.

DECEMBER 11, 1923.

ACTION at law to recover the sum of $1,600 alleged in plaintiff's petition to be due him from the defendants for introduc-

ing to the defendants a prospective purchaser of land. The opinion sufficiently states the pleadings and the facts. Verdict for the defendants and judgment for costs entered accordingly. Plaintiff appeals.—*Affirmed.*

*F. J. Conley* and *Hurd, Lenehan, Smith & O'Connor,* for appellant.

*M. E. Geiser* and *M. F. Condon,* for appellees.

De Graff, J.—Plaintiff seeks to recover commission or compensation for services rendered in introducing defendants, who are realtors, to a prospective purchaser of real estate with whom defendants later had dealings. The petition as amended is in two counts. In the first it is alleged that the performance of the service was under an express oral contract stipulating the compensation at $5.00 per acre; and in the second, it is alleged that the performance of the service was at the instance and request of the defendants for which the reasonable value thereof is predicated. Both counts refer to the same transaction and each count alleges that defendants sold or traded to one P. D. Norton 320 acres of land. The answer is a general denial, but admits the residence of plaintiff, the partnership relation of defendants, and that plaintiff introduced one of the partners to the said Norton.

There is but one error assigned and the point or proposition involves the ruling of the court on the evidence and the instruction of the court which precluded the plaintiff from a recovery on a *quantum meruit.* It must be and is conceded that a plaintiff under the facts herein may plead his cause of action in alternative counts, one on express contract fixing his compensation, and one on an implied contract or *quantum meruit.* This is a familiar and unquestioned rule. It is a legacy of the common law of pleading on the common counts, and is universally recognized in modern practice. Plaintiff at the initial stage of the proceeding may be apprehensive that he will not be able to meet by evidence the full measure of the requirements of the contract pleaded, and consequently he is privileged in a suit for the enforcement of the contract to add a second count. In other words, he is entitled to so plead to meet the contingencies of the

proofs. However, if the evidence is insufficient to have the cause submitted to the jury on the two issues as pleaded, it is proper on the part of the court to deny the plaintiff the right to take the opinion of the jury on both counts. In the instant case plaintiff pleaded an express contract with a definite and agreed fixed compensation. Plaintiff testified: "On this Norton deal, the definite agreement was $5.00 an acre; and it was my understanding that it would not make any difference when he dealt, or what land. I did not go out with Clemens [defendant] nor Norton, and did not do anything further, so far as this land deal was concerned. I believe I never talked to them [defendants] about any land deals from the time that I introduced Louis Clemens to Norton until the time they dealt with Norton. I never brought them any customers or introduced anybody to them."

Defendants admit the introduction of Norton and further admit that there was an agreement to pay $5.00 per acre, but only in the event that a particular tract of land was sold or traded to Norton. The only dispute, therefore, between the parties was as to the land which was to be exchanged or traded. The evidence is uncontradicted on the question of compensation. The question submitted to the jury involved the issue whether or not it was agreed between plaintiff and defendants, or one of them, that the defendants were to pay plaintiff $5.00 per acre on *all land* traded or sold to Norton "if he is introduced to defendants or one of them by plaintiff." The issue did not involve the question of a definite and fixed compensation. That is admitted. The only question is whether that compensation applied to the sale by the defendant of a particular parcel of real estate as claimed by the defendants, or whether it applied to any and all real estate which was conveyed to Norton by the defendants, regardless of its location, acreage or time the deal was consummated, as claimed by the plaintiff. This was the issue submitted to the jury and was determined adversely to plaintiff.

It is further noted that the agreement or compensation was made contemporaneously with the performance of the services rendered and pleaded, and it is not claimed by the plaintiff that any other or different service was rendered by him for which he

could claim compensation. Under these circumstances is the plaintiff entitled to recover on a *quantum meruit?* Having agreed upon the value of the service, to wit: $5.00 per acre, the parties are bound thereby no matter what was the actual value of the service. *Tuffree v. Binford,* 130 Iowa 532. There is no dispute that all of the services rendered by plaintiff were pursuant to an express agreement fixing his compensation, save the question whether the agreement of $5.00 per acre covered all land traded or sold to Norton. This was the gist of the instruction in submitting the issue to the jury. See, *Kurtz v. Payne Inv. Co.,* 156 Iowa 376; *Duncan v. Gray,* 108 Iowa 599; *Seevers v. Cleveland Coal Co.,* 179 Iowa 235.

It is well established that where there is no conflict in the evidence on an issue it is the duty of the court to direct a verdict. A mere scintilla of evidence no longer calls for the submission of a case to a jury. The rule permitting a plaintiff to so frame his issues as to meet the facts as they may develop upon the trial does not in itself require the submission of the issues as pleaded to a jury. There must be evidence sufficient to go to the jury on the two aspects of the case. If there is no evidence to support the second count of plaintiff's petition or if the evidence is conclusive and uncontradicted on the question of compensation under an express contract, then the issue of reasonable compensation is properly withdrawn from the consideration of the jury. Plaintiff is entitled to $5.00 an acre for his services if he is entitled to anything. The withdrawal of the second count was warranted under the law and the facts in the case at bar, and the judgment entered on the verdict is therefore—*Affirmed.*

Preston, C. J., Stevens and Vermilion, JJ., concur.