WILLIAM RICHMANN, Appellee, v. FRANK BEACH, SR., Appellant.

PLEADING: Counts—Express and Implied Contract. A plaintiff may, in different counts, plead an express and an implied contract as to the same subject-matter. (See Book of Anno., Vol. 1, Sec. 11112, Anno. 8; Sec. 11177, Anno. 39 *et seq.*)

FRAUDS, STATUTE OF: Debt or Default of Another—Original or Collateral Promise. The statute of frauds relative to answering for the debt of another does not enter into the proof of an oral contract to the effect that plaintiff should perform stated services and that the defendant would unconditionally pay therefor.

Headnote 1: 31 Cyc. p. 121. Headnote 2: 27 C. J. pp. 136, 142.

*Appeal from Butler District Court.*—C. H. KELLEY, Judge.

JANUARY 12, 1926.

REHEARING DENIED MAY 7, 1926.

ACTION at law to recover the expense incident to the

threshing of oats belonging to a tenant on a farm owned by defendant. The answer admits the tenancy, but expressly denies that the defendant ever agreed to pay any threshing bill. Cause tried to a jury, resulting in a verdict for the plaintiff. Motion for new trial having been overruled, judgment was entered, from which defendant appeals.—*Affirmed*.

*F. J. McGreevy*, for appellant.

*H. H. Uhlenhopp*, for appellee.

DE GRAFF, C. J.—The prayer of plaintiff for judgment is predicated on a threshing bill. His petition is in different counts, alleging, respectively, express contract and *quantum*

1. PLEADING: counts: express and implied contract.

*meruit.* To so plead was the legal privilege of the plaintiff. *Russell v. Clemens & Co.*, 196 Iowa 1121.

The cause was submitted to a jury on the theory of express contract. This was fully warranted, unless the primary evidence of the plaintiff on which the pleaded contract rests is within

2. FRAUDS, STATUTE OF: debt or default of another: original or collateral promise.

the purview of the Statute of Frauds, Section 11285, Paragraph 2, Code of 1924. In the last analysis, the issuable question is one of fact, and was, under conflicting evidence, correctly so viewed by the trial court.

The jury was instructed that the burden was upon the plaintiff to prove by a preponderance of the evidence that plaintiff threshed the oats upon defendant's farm at the request of defendant, and that defendant expressly agreed to pay plaintiff therefor; but that, if in fact plaintiff threshed the oats at the request of the tenant on said farm, or upon the credit of the said tenant, then any promise by the defendant to pay plaintiff for such threshing, if made, would not be binding upon the defendant; and that, "if you so find, or find that no promise of any kind was made by the defendant, then the verdict should be for the defendant." The impeachment of this instruction by appellant calls for a brief recital of the record facts.

The defendant, Beach, was the owner of a 240-acre farm,

under lease during the years 1920 and 1921 to one Heerkes. In the fall of 1920, the rent had not been paid to defendant, and the oats grown on the farm were in shock. The plaintiff was threshing in that neighborhood, and apparently some conversation had occurred between the tenant and the plaintiff; but there is no evidence tending to prove any agreement or understanding between them as to threshing the oats in question.

For the sake of brevity, we may recite in dialogue the material testimony offered by plaintiff:

"Defendant: Have you threshed for Heerkes [the tenant]?

"Plaintiff: No.

"Defendant: Will you thresh for Heerkes?

"Plaintiff: I am not sure. Who is going to be responsible for the thresh bill?

"Defendant: Why, I will stand good, and see that you get your pay for that.

"Plaintiff: All right."

Plaintiff also testified that he would not have threshed the grain if the defendant had not said, "I'll see that you get your money."

It is further claimed by plaintiff that, in the fall of 1921, defendant asked him to thresh the grain grown that season on the leased farm, and that the attention of defendant was called to the fact that the threshing bill of the preceding year had not been paid.

"Plaintiff: Who's going to be responsible for this [meaning 1921]?

"Defendant: Go on and thresh. I will see that you get your pay for the threshing."

The defendant, as a witness, flatly denied that he ever had any conversation with plaintiff about threshing the oats in controversy, and that the first time that plaintiff ever talked to him about the threshing was in 1923, when plaintiff demanded payment, at which time the plaintiff was told that he (defendant) was under no obligation to pay the bill.

The tenant testified that he remembered hearing a conversation between the plaintiff and the defendant in 1920 and

1921, with reference to payment of the threshing bill, and that defendant said: "Well, never mind about the pay. I will see that you get that." The son of the plaintiff corroborated the testimony of plaintiff that a conversation occurred between the plaintiff and the defendant relative to the threshing of the oats in the fall of 1921.

The pertinent inquiry is: Did the defendant promise as alleged in the petition? Did the transaction involve a promise to answer for the debt of another? If so, for whom? It is obvious that, if the threshing was done solely on the credit of the promisor and his agreement to pay therefor, the alleged contract is not within the Statute of Frauds.

In construing the evidence, it must be read in the light of the surrounding coexistent facts and circumstances. The jury was told to determine *whose* debt is involved in the case. The mere form of expression employed by either the promisor or the promisee is ordinarily not conclusive. It is not in this case. The meaning must be sought, not only in the words themselves, but in any relevant facts and circumstances that will aid the jury in making a decision. As illustrative of this thought, the instant record discloses that the defendant, as landlord, was interested in the threshing of the oats, as the rent owed by the tenant was at the time due and unpaid; and that the financial position of the tenant was not entitled to full force and credit. See *Johnson v. Knapp*, 36 Iowa 616; *Miller v. Adams*, 142 Iowa 515.

Clearly, there was no debt when the alleged agreement was made, nor was there any agreement to pay a debt. The agreement, if anything, was an original undertaking, and was not a promise to answer for the debt or default of another. Before the Statute of Frauds finds application, there must be a liability of an original debtor. 27 Corpus Juris 130; *Townsend v. White*, 102 Iowa 477; *Anderson v. Lemker*, 180 Iowa 167. Such a person is not found in the record before us. The jury was warranted in finding that the threshing in question was done directly for the defendant.

It is sometimes said, to determine whether the Statute of Frauds applies in a case of this character, that there must be an affirmative answer to the question: Is there a principal

contractor liable? It must be answered in the negative here, since the evidence does not disclose that a third party entered into the transaction. The tenant did not create the debt. Under the record, plaintiff was not employed, expressly or impliedly, by the tenant. The jury concluded, and rightly so, that the threshing would not have been done except on the request of the defendant and upon his promise to pay.

The trial court ruled correctly, and the judgment entered on the verdict is—*Affirmed*.

STEVENS, FAVILLE, and VERMILION, JJ., concur.