W. E. CURTIS, appellant, v. LORAIN H. WILKINS, appellee.

No. 49187.

(Reported in 85 N.W.2d 546)

OCTOBER 15, 1957.

B. C. Sullivan, of Rockford, for appellant.

Mason & Stone, of Mason City, for appellee.

WENNERSTRUM, J.—Plaintiff sought judgment against the defendant claiming the sum of $357 was due him for digging a well. The case was tried to the court, neither party having asked for a jury. Plaintiff's petition was in two counts. In the first one it was alleged there was an express contract for digging a well 102 feet deep, and in which the sum of $357 was claimed. Count two of plaintiff's petition alleged the plaintiff performed services at defendant's request which were reasonably worth the sum of $357. At the conclusion of plaintiff's evidence the defendant made a motion to dismiss count two of plaintiff's petition which was sustained. After final submission of the cause the trial court found the parties had entered into a contract for a well not to exceed 30 feet in depth and at a price of $3.50 per foot. The court entered judgment against the defendant for the sum of $105 and costs to the date of trial. The plaintiff has appealed.

The facts as developed by the evidence are determinative of this case. There were really only two witnesses, the plaintiff and defendant. The plaintiff's son was a witness but he did not testify to any details of the claimed contract. The plaintiff, in his testimony, stated the defendant, when he originally conferred with him, informed him he wanted to get a well at a depth of 25 or 30 feet. The plaintiff also testified:

"I told him I didn't think it was possible up where he wanted it, and that is the way it went for, * * * he called me that night and told me he didn't think he would have it done, and a while after that he told me he was ready for it, * * * I went over and we drilled 102 feet for him and he stopped me."

On cross-examination the plaintiff further testified: "He wanted to get water at 25 or 30 feet." He also testified: "After we got down to about 50 feet he told me to keep drilling. We were probably there about four or five days." Regarding this second conversation the plaintiff stated: "When I had the second conversation over at the farm with Lorain Wilkins there was no one else present besides myself."

Lyle Curtis, a son of the plaintiff, who was assisting his father in the well digging, testified: "I didn't really hear any conversation my father had with Lorain but I did observe my father and Mr. Wilkins talking at various times during the well drilling but I am not aware of what was actually said. * * * because of the noise of the machine I didn't hear much of the conversation between my father and Mr. Wilkins."

The plaintiff was asked whether at the time when he had gotten down to 30 feet he told Wilkins, the defendant, water had not been obtained and in answer to this inquiry the plaintiff replied: "Well, I don't remember."

The defendant testified concerning the agreement in part as follows: "We talked about what we would want and stated for a job around 30 feet we agreed on and talked on. I wanted water for cattle. I didn't want to drink it. I wanted cow water. He said if he used some old casing he could do it for $3.50 per foot. I told the plaintiff he was not to go down any deeper than 30 feet." The defendant also testified: "I didn't have any conversation with Mr. Curtis when he was down 50 feet. I had a conversation with Mr. Curtis on the telephone. I asked him how far down he was and he said 'we don't know for sure but we estimate about 102 feet.' I said, 'Golly we better call it quits there, I couldn't use my pump on that depth.' And he was gone in a day or two. Mr. Curtis never told me he was down more than 30 feet. I never had any conversation with Mr. Curtis at any time to drill a well on that farm regardless of depth. He agreed to stop at 30 feet. Mr. Curtis never told me he had gone below 30 feet."

I. It is the claim of the plaintiff the trial court committed error in sustaining the defendant's motion to dismiss count two of plaintiff's petition at the close of his case. In defendant's

motion it was contended there was no competent evidence which would sustain the allegation in the count, and, there was no evidence which would entitle the plaintiff to recover on the theory therein pleaded.

 It is true a party may plead causes of action in separate counts. Maasdam v. Estate of Maasdam, 237 Iowa 877, 885, 24 N.W.2d 316; Russell v. John Clemens & Co., 196 Iowa 1121, 1122, 195 N.W. 1009. However, the fact situation supports the ruling of the trial court. There was no substantial evidence which would support plaintiff's theory of an implied contract or recovery on the basis of a *quantum meruit* agreement. There must be substantial supporting evidence to justify submitting an issue to a jury when a case is tried to one. And when a jury is waived and the fact questions are to be determined by a court the same situation is presented. The trial court had the same responsibility in the instant case to limit the issues if not supported by substantial evidence as it would have had if the case had been tried to a jury. In Russell v. John Clemens & Co., supra, 196 Iowa 1121, 1122, 1123, 1124, 195 N.W. 1009, 1010, this court, in a case tried to a jury, considered a question similar to the one here presented. The plaintiff sought in one count recovery and judgment under an express oral contract. In a second count it was pleaded the services rendered by the plaintiff were at the instance and request of the defendants and for which the reasonable value thereof was sought. It is therein stated:

 "Plaintiff at the initial stage of the proceeding may be apprehensive that he will not be able to meet by evidence the full measure of the requirements of the contract pleaded, and consequently he is privileged in a suit for the enforcement of the contract to add a second count. In other words, he is entitled to so plead to meet the contingencies of the proofs. However, if the evidence is insufficient to have the cause submitted to the jury on the two issues as pleaded, it is proper on the part of the court to deny the plaintiff the right to take the opinion of the jury on both counts. * * * The rule permitting a plaintiff to so frame his issues as to meet the facts as they may develop upon the trial does not in itself require the submission of the issues as pleaded to a jury. There must be evidence sufficient to go to

1318

the jury on the two aspects of the case. If there is no evidence to support the second count of plaintiff's petition or if the evidence is conclusive and uncontradicted on the question of compensation under an express contract, then the issue of reasonable compensation is properly withdrawn from the consideration of the jury."

See also Isaacs v. Bruce, 218 Iowa 759, 763, 254 N.W. 57; Eaves v. City of Ottumwa, 240 Iowa 956, 969, 38 N.W.2d 761, 11 A. L. R.2d 1164.

II. The court's ruling on the motion amounted to a holding there was no substantial evidence to support the allegations pertaining to an implied contract to pay reasonable compensation for the services rendered. That is what it would have had to decide if the issue had remained for determination at the close of all the evidence.

III. The trial court held in its findings of fact the evidence supported the conclusion a contract had been entered into for the drilling of a well 20 to 30 feet deep at $3.50 per foot, "* * * and that there was no other meeting of minds." It held the plaintiff had failed to sustain the burden of proving a contract for drilling a well in excess of 30 feet in depth and was not entitled to recover for any work other than as agreed upon. It consequently ordered and adjudged a judgment should be entered against defendant for $105 and costs to the commencement of the trial. The defendant had offered to confess judgment in favor of the plaintiff in the amount of $125 and costs to the time of the beginning of the trial.

The findings of fact by a trial court where a law action is tried to the court are binding upon us if there is substantial evidence to support them. Staley v. Fazel Bros. Co., 247 Iowa 644, 648, 75 N.W.2d 253. And in considering whether there is sufficient evidence to justify the court's findings we are under obligation to construe the evidence as a whole and in the light most favorable to the judgment of the trial court. Davis v. Knight, 239 Iowa 1338, 1342, 35 N.W.2d 23, and cases cited; Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1192, 70 N.W.2d 154, 156.

In this case the trial court found the contract entered

into covered only the drilling of a well not to exceed 30 feet in depth. There was evidence to support such a conclusion and finding. Under such circumstances we, as an appellate court, cannot disturb such findings unless there is a lack of evidence to support them. Brown v. Compton & Roush, Inc., 243 Iowa 665, 671, 53 N.W.2d 164. We find no such lack of evidence.

There is no justification for reversal and the trial court is affirmed.—Affirmed.

All Justices concur.