In the Matter of the ESTATE of Grace
HOXSEY, Deceased.

Upon the Petition of Bill LANE and
Janice Lane for Probate.

Virginia THIRLAWAY, Appellant,

v.

Bill LANE and Janice Lane, Appellees.

No. 2–56145.

Supreme Court of Iowa.

Jan. 22, 1975.

Rehearing Denied March 14, 1975.

McCarthy & Hart, Davenport, for appellant.

McCracken & Carlin and Edward R. Osborn, Davenport, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This appeal is from a trial court judgment establishing a lost will. Virginia Thirlaway (appellant) is the surviving daughter and sole heir at law of Grace Hoxsey. Appellant is mother of two children: Bill Lane and Jean Thirlaway.

Bill Lane and his wife Janice (proponents) brought this action to establish the lost will in which Grace Hoxsey bequeathed them one-half her estate. The other half was bequeathed to Bill's mother, the appellant. In the absence of a will appellant would of course inherit all Grace Hoxsey's estate. Appellant accordingly resisted the attempt to establish the will and appeals the trial court's finding and judgment the will was established. We affirm the trial court.

Decedent executed the will in question June 23, 1971. It was then left with her attorney until November 8, 1971. On that date decedent advised the attorney by phone she wanted the will and would send appellant to his office to get it. The instrument was surrendered to appellant accordingly.

Within a few hours after phoning her lawyer decedent was admitted to a hospital where she remained until her death 18 days later. Decedent's final illness was painful and debilitating. During her final hospitalization she was administered drugs to ease pain and apparently was slightly irrational at times.

Appellant testified she delivered the will to her mother after receiving it from the attorney and never touched it again. When it left the law office the will was contained in a large manila envelope with the name of the law firm in the left-hand corner. The words "Last Will and Testament of Grace Hoxsey" were typed on the front. Appellant testified she saw the envelope in her mother's hospital room at least three times in the 18 days prior to her death. The will was never found or produced for probate.

The central and controlling question at trial was whether proponents showed decedent had not destroyed the missing will with intent to revoke it. Neither party claims the will was or could have been destroyed or revoked during the few hours prior to decedent's admission to the hospital. Of course decedent did not destroy the will while it was left with her attorney. Accordingly appellant and proponents offered conflicting evidence on whether the will was present with decedent in the hospital so as to afford her an opportunity to destroy it. Appellant, her daughter Jean, and two others testified they had seen the will at various times in decedent's hospital room. Only one of these witnesses could be described as entirely disinterested.

Proponents called six witnesses who testified they visited decedent in the hospital and did not see the will. Three of these witnesses, two nurses aids and a social friend of decedent, could be described as disinterested. Because of the circumstances which attended the decedent's hospital confinement the trial court might have believed these witnesses, especially the two nurses aids, could have been expected to observe the will had it then been with the decedent.

■ I. The legal principles governing the establishment of a lost will are not disputed. They were stated in In re Estate of Hasselstrom, 257 Iowa 1014, 1017–1018, 135 N.W.2d 530, 533, where we said:

" * * * [T]o establish a lost will proponent must prove by clear, convincing and satisfactory evidence (1) due execution and former existence of the alleged will (2) that it has been lost and could not be found after diligent search (3) that the presumption of destruction by decedent with intent to revoke it, arising from its absence at death, has been rebutted, and (4) contents of the will. The evidence need not be free from doubt. We have uniformly so held. In re Estate of Givens, 254 Iowa 1016, 1019, 119 N.W.2d 191; In re Estate of Lawrence, 251 Iowa 305, 309, 100 N.W.2d 645; Iowa Wesleyan College v. Jackson, 249 Iowa 91, 86 N.W.2d 126; and Goodale v. Murray, 227 Iowa 843, 289 N.W. 450, 126 A.L.R. 1121, and citations.

"This action is triable in probate as one at law without a jury. It is not reviewable de novo but upon the errors assigned. The trial court's decision on the facts has the force and effect of a jury verdict. The credibility of witnesses and weight of the evidence is for the trial court. If supported by any substantial evidence the trial court's findings of fact are binding on us. (Citations)."

■ In the instant case there is no dispute as to three of the four required elements to prove the lost will: It is not doubted (1) there was due execution and former existence of the alleged will, (2) it had been lost and could not be found after diligent search, and (4) what the will provided. The sole dispute is whether the presumption has been rebutted so as to satisfy the third listed requirement.

We find the evidence sufficient to support the trial court's findings and conclusions. While we adhere to the principle which recognizes the presumption upon which appellant relies, we cannot say, as a matter of law, proponents have failed to rebut it. There was ample evidence to support the trial court's finding decedent never had access to the will during the time in question so as to accord her an opportunity to revoke the will by destroying it.

Affirmed.